## Elizabeth Williams *v.* A. W. Bridge et al.

Where the questions involved in a suit regard the relative situation of the lands of plaintiff and defendant, and the natural drainage of the soil, these being matters peculiarly within the congnizance of a jury of the vicinage, their verdict is entitled to great weight

Where the counsel in a cause have not argued points made in their bills of exception, they will be considered as waived.

APPEAL from the District Court of the Parish of Morehouse, *Richardson, J. Todd & Brigham,* for plaintiff. *Morrison & Purvis,* for defendants and appellants.

BUCHANAN, J. Plaintiff sues the defendants for damages for cutting a ditch and making a levee, whereby water is diverted from its previous channel and thrown upon the land of plaintiff. The petitioner also prays that defendants be condemned to fill up the ditch and demolish the levee, and for general relief.

The questions presented are principally of fact, which were presented to a jury, who found a verdict in favor of plaintiff, that defendants destroy the works complained of.

This verdict appears to be conformable to the evidence and to the law. Art. 656 of the Civil Code says : " It is a servitude due by the estate situated below, to receive the waters which run naturally from the estate situated above ; *provided, the industry of man has not been used to create that servitude.*

" The proprietor above can do nothing, whereby the natural servitude due by the estate below may be rendered more burthensome."

The relative situation of the lands of plaintiff and defendants, and the natural drainage of the soil, are matters peculiarly within the cognizance of a jury of the vicinage ; and their verdict upon a subject so generally interesting to the inhabitants of an alluvial region, is of the highest authority with us.

A point is made in the argument of defendants' counsel, that the ditch thus cut by defendants, was so cut upon land which did not belong to them, and, therefore, that they have no right to enter upon that land for the purpose of filling up the ditch.

This argument is not entitled to much weight. Their power to undo what they have done, would be presumed, in the absence of proof to the contrary. But we have, in the record, the evidence of *Conger,* the person on whose land this work was done, which shows that the work was originally intended to have been executed by himself and the defendants jointly, and that he desisted and attempted to persuade defendants to desist, upon remonstrances made by plaintiff.

It is evident, that no opposition will come from *Conger,* to the restitution of of the premises to their original condition, in execution of the verdict and judgment herein.

Defendants took three bills of exception to rulings of the court below upon admissibility of evidence ; but as counsel have not argued the points made by these bills, we will consider them waived.

Judgment affirmed, with costs.