LAND, J.
This is a suit for damages for personal injuries. The petition alleges that on November 17, 1901, plaintiff, while in the employment of defendant in the capacity of wagon driver, was badly injured by being thrown violently on the pavement by reason of the fall of the tailboard of the wagon, on which he was at the time standing in the discharge of his duties. The petition charges that the fall of the tailboard was caused by the breaking of the chain which supported it, and that the defendant was negligent in not furnishing a good and sufficient chain for that purpose. The petition further charges that the chain actually used was old and worn, and that its defective condition was unknown to plaintiff, but should have been known to defendant.
The answer is a general denial, coupled with a plea of contributory negligence.
The ease was tried before a jury, which found a verdict for the defendant. From a judgment pursuant to such verdict, the plaintiff has appealed.
The defendant is a cooper, and plaintiff was injured while employed as a night driver of a wagon made and used for the purpose of hauling empty barrels.
Plaintiff was unloading the wagon when the accident occurred, and testified that he was standing with one foot in the wagon and the other on the tailboard, when the chain broke and he fell to the pavement, breaking his leg.
Plaintiff’s testimony is corroborated by that of his brother, Larry Gomez, who was the only other person present at the time of the accident. The chain supported the tailboard when it was on a level with the bed of the wagon.
Mike Frisch, who lived in the immediate vicinity, testified that Larry Gomez came to his door asking for help, saying that his brother had fallen off a wagon “because the tail chain broke.” Frisch immediately went to the scene of the accident and saw the plaintiff lying on the pavement with his feet very near the rear end of the wagon, and also observed that “the tailboard was hanging down.”
Anthony Gomez, brother of plaintiff, who-had charge of defendant’s stable at the time-of the accident, testified that early next morning he found the tailgate hanging down and the chain broken, and that he reunited the two parts by means of a lap link. This-witness further stated that, while he was-mending the chain, defendant’s foreman walked up, and the witness said to him, “I am fixing the tailgate. My brother fell, down, and he is at the hospital,” and the-foreman replied: “Yes, that’s what I heard.”
The foreman testified that he did not seethe chain, but that Anthony Gomez told him that it had been broken and he was fixing it The foreman saw Gomez at work about the wagon, and stated that “he was fixing a chain that morning.”
It is singular that the foreman did not investigate the matter.
Larry Gomez testified to the finding of *427 two broken links of a chain the next morning at the place of the accident, and that the chain was patched and rotten.
We think that a fair and just inference from the evidence is that plaintiff’s violent fall was occasioned by the sudden giving away of the tailboard, and this, in turn, was caused by the breaking of the chain.
We do not think that the chain produced before the jury three years after the accident was sufficiently identified as the same chain which was on the wagon when the accident occurred. The testimony of the foreman who swears that he did not see the broken chain is too dubious and evasive to establish such identification, and there is testimony to the contrary.
Nor do we think, under the evidence in this case, it can be concluded that plaintiff was guilty 'of contributory negligence in standing on the tailboard while unloading the wagon.
The vital issue is whether or not defendant was guilty of negligence in not providing a suitable chain for the purpose of the tailgate.
The wagon was in charge of the stableman, and it was his duty to see that all the appurtenances were in good order and condition before turning the vehicle over to the driver.
There is no proof that the stableman or foreman had inspected the chain in question at any time prior to the accident, and no evidence that the appliance was in good condition. That the chain broke beneath the weight of,a single man is a case where “res ipsa loquitur.” It would not have done so had it not been worn out or otherwise unsuitable for use. There is no evidence to show that the driver knew, or should have known, the defective condition of the appliance. He was a night driver, and the wagon was turned over to him in the dusk of evening. His testimony, supported by the pay rolls, shows that he had worked only three or four nights.
The evidence tends to show that plaintiff used no particular wagon. The case falls within the well-known, doctrine that the master is under a legal obligation to furnish safe appliances to his workmen, and by proper inspection and repair to keep them in safe condition. Williams v. Lumber Co., 114 La. 805, 38 South. 567.
We think that the verdict was clearly contrary to the evidence.
We gather from the medical testimony in the case that tífe injury consisted of a simple fracture of the thigh, and that in the process of healing the limb shortened to some extent, producing a permanent lameness. Of course, there was attendant physical suffering, loss of time, and expenses of illness — all the direct .consequences of the injury sustained by the plaintiff.
We are averse to estimate the quantum of damages in such a case, but our appellate jurisdiction over the facts compels us either to estimate them or to remand the cause for that purpose to another jury. But no useful purpose would be subserved by remanding the case, since the verdict would be subject to an appeal to this court on the question of quantum.
Considering all the facts and circumstances of the case, we are of opinion that an award of $1,500 would be a sufficient conpensation for the injury suffered by the plaintiff.
It is therefore ordered, adjudged, and decreed that the verdict and judgment below be annulled, avoided, and reversed, and that the plaintiff do have and recover of the defendant the sum of $1,500, with legal interest thereon from the date of this decree until paid, and all costs in both courts.