## ARKANSAS COTTON OIL COMPANY *v.* CARR.

### Opinion delivered January 18, 1909.

1. MASTER AND SERVANT—INJURY—NEGLIGENCE.—Where a servant of a mill company was injured by the fall of sacks of meal piled in the customary and best practicable method, the master is not liable for the injury. (Page 52.)

2. SAME—PRESUMPTION OF NEGLIGENCE.—Where a servant, engaged in moving sacks filled with cottonseed meal, was injured by the sacks falling upon him, no presumption of negligence upon the master's part in stacking the sacks arises where the evidence shows how they were piled, and that they were stacked in the customary manner. (Page 52.)

3. SAME—ASSUMED RISK.—A servant engaged in moving sacks of cottonseed meal will be held to have assumed the risk of the sacks falling on him if the sacks were piled in the usual way and the danger of their falling down was obvious and one of the ordinary risks of the work about which he was employed. (Page 53.)

4. APPEAL AND ERROR—REVERSAL—DISMISSAL.—Where, upon reversing a judgment for the plaintiff, it appears that his case is fully developed and that he is not entitled to recover, the cause will be dismissed. (Page 53.)

Appeal from Pulaski Circuit Court; *Edward W. Winfield,* Judge; reversed.

*Ratcliffe, Fletcher & Ratcliffe,* for appellant.

The fourth instruction, based upon the theory that appellant owed appellee the duty to stack the meal so as to prevent it from falling upon him, is not justified by the testimony. The witnesses all say that the meal was stacked in the same manner that the mill had been stacking meal for thirty years; that it stood in that condition all the season, and that it only became dangerous after the hands began to tear it down, and then the danger was apparent to all. Appellee had had previous experience working about this mill, and knew the manner in which the meal was stacked. He assumed the risk. 68 Ark. 316; 158 Fed. 777; *Id.* 964.

*Lee Miles,* for appellee.

At appellant's request the court instructed the jury that "if the pile of meal as it stood when the work commenced was safe and the danger arose only as the work of tearing it down progressed and was caused by the work done, the plaintiff assumed the risks thereof and can not recover," and this instruction is in substance repeated in another instruction. With such instructions before them, the jury's verdict is a finding that the fall of the meal was not due to the progress of the work of removal. In support of such finding, there is undisputed evidence that a similar stack of meal, shortly before, fell of its own accord, because it had been improperly stacked, and that the stack of meal in question in this case was piled up by the same people. Appellant was under the absolute duty to stack the meal so that with proper precaution it could be removed with safety. To this end it was its duty to tie and fasten each tier to another so as to make it safe, and failure therein was negligence. Labatt, Master & Servant, § § 94, 97, 98; 94 Md. 39; 83 Ala. 512; Thompson on Negligence, § 3968; 162 Ill. 447; 17 Tex. Civ. App. 677; 41 U. S. App. 574.

McCULLOCH, J. Appellee Carr sues appellant to recover compensation for physical injuries which he received while at work in appellant's mill moving sacks of cotton-seed meal. He alleges in his complaint that the pile of sacks of meal, which he was then engaged in moving for the purpose of loading them on railroad cars, fell upon him and broke his leg, and that the injury

occurred by reason of negligence of appellant in causing the sacks of meal to be insecurely piled.

Allegations of negligence in other respects are contained in the complaint; but, as the case was submitted to the jury solely on the allegation of negligence set forth above, we need not mention any others.

The facts of the case developed at the trial were, in substance, as follows: Appellant was at the time of the injury to appellee, and had been for many years, operating a cotton-seed oil mill near the city of Little Rock. The meal, after the oil is pressed out, is placed in sacks, and the sacks are piled until ready to be loaded in cars for shipment. The customary method in vogue of piling the meal was to build up first at the beginning of a pile what the witnesses call a "bulkhead," by laying down two rows of sacks about four sacks long and then crossing them with others, thus "tying" the sacks together, so that they would not topple over readily. The bulkhead was built up to the height which was desired for the pile, and then the sacks were piled in rows against it without tying them, however, as in building the bulkhead, because that would make the pile too troublesome to take down when it is to be moved. This is the method of piling the meal which has been invariably practiced at this mill for the past thirty-three years, and all the witnesses who testified on the subject say that it is the best practicable method of piling it. No witness testifies that it should have been piled in any other way. One stated that the pile fell because it was "not piled exactly right," but this statement was excluded by the court because it was merely expression of an opinion without peculiar knowledge of the subject to base it on, and the witness proceeded to describe how this particular pile was erected, and described it as having been done in the precise manner that it had always been piled.

Where, then, was there any negligence on the part of appellant? We fail to discover from the evidence any act of negligence on the part of appellant in piling the meal. Therefore appellee has made out no case for recovery of damages. The fact that the pile of meal fell down raises no presumption of negligence in stacking it. The evidence shows definitely how it was piled, and that it was piled in the customary manner. Therefore there is no room for presumptions to be indulged in the case.

We are also of the opinion that appellee assumed the risk of this danger. He was engaged in the work of taking down the pile and moving it. He had been engaged in this work for some time; the manner in which the meal was piled and whatever danger there was of its falling down was obvious to any one who looked at it; the meal was piled in the customary way; and the danger was one of the ordinary incidents to the work which he assumed when he took service. *Choctaw, O. & G. Rd. Co.* v. *Thompson,* 82 Ark. 11; *Rooney* v. *Sewall & Day Cordage Co.,* 161 Mass. 153.

Other questions are raised, but as this is decisive of the case we need not discuss them.

It follows that the court should have given a peremptory instruction in favor of appellant. As the case is fully developed, and it does not appear that the evidence could be different on another trial, it is useless to send it back for a new trial.

Reversed and dismissed.