SOMMERVILLE, J.
John Willig, alleging himself to be an experienced longshoreman, sues the defendant railroad company for $15,000 damages because of injuries inflicted *149 upon him through the alleged fault and negligence of the said company.
Plaintilf alleges that while engaged in loading a pile of lumber on the wharf at the foot of General Taylor street, in the city of New Orleans, onto one of the Vogeman steamships, a portion of the pile fell on his leg, crushing his foot, and causing the injury about which he complains. He alleges, further, that the lumber was piled in a faulty and negligent manner by the defendant company, and that the accident happened without any fault or negligence on his part.
In a- subsequent petition, plaintiff made H. Vogeman of Germany, owner of the Vogeman Steamship Line, a party defendant, and asked that he be held in solido, as a joint tortfeasor, with the railroad company, for the damages inflicted upon him. He alleges that he was in the employ of the Vogeman Steamship Company at the time of the accident, and that it was the duty of said defendant to have given to him a safe place to work, and that it should have required the work of piling the lumber, as was alleged in plaintiff’s original petition, to have been done in a manner so as not to endanger the life and limb of the plaintiff.
From a judgment in favor of the plaintiff and against the defendants in solido, for the sum of $5,000, both defendants appeal.
The railroad company, jointly with the plaintiff, appellee, have asked by written motion, for a discontinuance of the appeal of the railroad company on the ground that the judgment for the plaintiff and against the railroad company has been settled by compromise; and that appeal has been discontinued. H. Vogeman is the only appellant now before the court.
The only allegation of negligence against the defendant Vogeman, and contained in the supplemental petition of plaintiff, is that it was the duty of Vogeman to give the plaintiff a safe place to work, and that he should have required the work to have been done in a safe manner.
The evidence shows that the lumber was piled by the railroad company in a pile running parallel with the ship upon which it was to be loaded; and plaintiff says that this manner of piling was faulty, and that some of the boards fell from off the top layers after he and his partner had moved some of the lumber onto the vessel, and had placed more on a truck to be carried by them aboard the vessel. Plaintiff testifies that the lumber should have been piled in piles at right angles to the vessel, and not parallel with it. But this testimony is not sustained by any witness. The working partner of plaintiff, another experienced stevedore, and witness for him, testified to the contrary. He said:
“The lumber was piled like they pile it up.” “They have it piled all kinds of ways. They have it this way and that way and just how they can get the lumber in there.”
He further testified that he and plaintiff had taken boards from both sides of the pile, which was the usual way of working, and that plaintiff—
“was coming around to help him shove out the truck, and that when he, plaintiff, put his hands on the lumber, the pile fell.”'
The evidence fails to show that the lumber was piled in a faulty manner, or that the defendant failed to give the plaintiff a safe place in which to work. He and his partner had been working at the pile for some' hours, and the pile must have become unsafe after they worked on it for some time. They were experienced longshoremen and doubtless .could have seen if the lumber had been piled in a faulty manner before they undertook to load it onto the vessel. If the manner of taking the lumber down from the pile caused some of the lumber to fall, or if the placing by plaintiff of his hands on the remainder of the pile to serve as a brace to push the truck, the plaintiff and his colaborer were responsible therefor, and defendant Vogeman was *151 not. No fault on the part of Vogeman has been shown by the plaintiff.
On his brief, plaintiff claims that it was the duty of Vogeman and his agents to have inspected this lumber before ordering it moved, to see whether it had been safely-piled or stacked.
It is not shown that an ordinary pile of lumber requires an inspection to ascertain whether it has been properly piled or not. Inspection of a pile of lumber, as to the manner and safety of its piling, it seems, can be made by an ordinary person; and the inspection made by the plaintiff and his coworkers before going to work on the pile was the only inspection required under the circumstances. And this is particularly true in view of the fact that plaintiff is an experienced longshoreman, with 19 years’ experience.
It is therefore ordered, adjudged, and decreed that the judgment in favor of plaintiff and against H. Vogeman be annulled, avoided, and reversed, and that there be judgment in favor of IT. Vogeman and against John N. Willig, dismissing this suit against Vogeman at the cost of the plaintiff.