(83 South. 890)

No. 23711.

LOUVIERE et ux. v. LOUISIANA RY. & NAV. CO.

(Feb. 2, 1920. Rehearing Denied March 1, 1920.)

*(Syllabus by Editorial Staff.)*

1. APPEAL AND ERROR ☞1078(1, 3)—EXCEPTIONS NOT PRESSED IN SUPREME COURT ARE ABANDONED.

Exceptions to the citation and the petition which are not pressed in the Supreme Court are assumed to have been abandoned.

2. MASTER AND SERVANT ☞285(5)—IMPROPER LOADING OF CAR AND INSUFFICIENT TOOLS FOR UNLOADING SHOWN TO BE CAUSE OF ACCIDENT.

In an action for injury to plaintiff's minor son while he was unloading piling from cars, evidence that they were loaded without binders between the layers, and that only one cant hook and pinch bar were furnished for unloading, *held* to show improper loading and insufficient tools as the cause of the accident in the absence of evidence to the contrary.

3. MASTER AND SERVANT ☞265(5)—RES IPSA LOQUITUR INAPPLICABLE TO ACCIDENT IN UNLOADING PILING FROM CARS.

The doctrine of res ipsa loquitur does not apply in an action to recover damages for injuries to a servant caused by the falling of the piles while they were being unloaded from cars.

4. MASTER AND SERVANT ☞205(1)—MINOR DID NOT ASSUME RISK OF INJURY IN UNLOADING PILING FROM CARS.

A minor who went upon a carload of piling which he was helping unload, work with which he was unfamiliar, at the direction of the foreman, had the right to assume superior knowledge by his employer, and that the place and implements for the work were safe, and did not assume the risk of injury from the fall of the piling due to improper loading and insufficient tools for unloading.

Appeal from Twenty-Eighth Judicial District Court, Parish of Jefferson; Fred A. Middleton, Judge.

Action by T. Louviere and wife against the Louisiana Railway & Navigation Company. Judgment for the plaintiffs for a part of the amount claimed, and defendant appeals, to which plaintiffs answered, praying for increase of the judgment. Judgment affirmed.

Milling, Godchaux, Saal & Milling, of New Orleans, for appellant.

Alfred D. Danziger, of New Orleans (Percival H. Stern, of New Orleans, of counsel), for appellees.

DAWKINS, J. Plaintiffs, father and mother, bring this suit in behalf of their minor son, Charles M. Louviere, for personal injuries alleged to have been received while assisting in the unloading of piling from certain flat cars, and which injuries it is charged were caused by the negligence of defendant. They ask judgment in the sum of $3,500.

Defendant filed exceptions to the citation and of no cause of action. These being overruled, it answered, admitting the injury, but denying negligence on its part, and pleading assumed risk and contributory negligence.

The case was tried before the judge below without a jury, and resulted in a judgment for the plaintiff for the sum of $2,217. Defendant has appealed, and the plaintiff has answered, praying that the judgment be increased to the sum originally demanded.

Opinion.

[1] The exceptions have not been pressed in this court, and we assume, therefore, that they have been abandoned. In any event, the citation does not appear in the record, and the petition, we think, does disclose a cause of action on at least three distinct charges of negligence, as pointed out in defendant's brief, to wit: (1) The lack of sufficient employés to perform the particular work in a safe manner; (2) insufficient tools; and (3) insufficient stakes or braces to support the timber on the cars.

The judgment overruling these exceptions was therefore correct.

## On the Merits.

Plaintiff, a young man about 18 years of age, was engaged in helping unload a lot of timbers or pilings, varying in length from 75 to 90 feet, from three flat cars. Their extreme length had required the use of three cars in hauling. In order to permit the load to bend in rounding curves in the railroad track, no stakes or braces were inserted in the pockets of the middle car, but only in the four front rings or pockets (two on either side) of the leading car and in the four rear pockets of the last car. While in transit these braces were bound together at the tops and across the timbers either by wooden slabs or wires to keep the movements of the train and weight of the timbers from breaking them off. The load reached its destination intact, and a number of men, according to some of the witnesses, four or five, and of others, ten or a dozen, were ordered to unload the piling. The record leaves the matter in doubt as to whether or not any of the timbers were unloaded on the day before the accident, and also as to whether more than one had been unloaded at the moment it occurred. However, in order to remove the piling from the cars, all of the stakes on one side had been cut and removed, and the logs were being rolled off on that side. The evidence shows that when the first one, which plaintiff's son assisted in unloading, was rolled off, for some unaccountable reason all of the stakes on the opposite side of the cars broke off at the top of the pockets, and plaintiff, who was on top of the load, some distance from the end, was thrown, with the timbers, to the ground, his leg broken, and other bruises and injuries inflicted.

[2] The evidence is that these cars were loaded in the usual and customary way, that is, by inserting stakes made of green pine poles trimmed to fit in the pockets, which were 3½ by 4 inches, on the front and rear cars, and that the first tier of timbers were laid on the beds of the cars, then a binder of poles similar to those of which the stakes were made were laid across, another layer of timbers, and so on until the load was complete; but the proof is conflicting as to whether, in this particular case, the binders were used. It does seem that, if they had been, the weight of the piles against the stakes would not have been so great as to break them, or that the timbers would have rolled off in the manner in which they did. In any event, the evidence shows very convincingly that there were not sufficient cant hooks or other tools to enable the employés engaged in the work to unload the piling in safety. It is shown by the witnesses for plaintiff, and not seriously contradicted by the defendant, that there was only one cant hook and a pinch bar, and that the rest of the employés were using a brake rod, wooden sticks, and anything else that they could get hold of to pry the logs off the cars. With a sufficient number of cant hooks, the log could have been held and rolled off at such speed and in such manner as those performing the work might have chosen. The evidence shows that the stakes broke as one of the piling was rolled or thrown off the cars, and that only one end fell to the ground. It seems reasonably certain, therefore, that it was the jar, and perhaps excessive pressure of the end of this piling, which remained on the car, pressing against the other timbers, as the first end slid off on the skids, which caused the stakes to break. By this proof the plaintiff has at least made a sufficient case against the defendant to shift the burden upon it to show that the accident did not happen from these causes, and this it has not done.

[3] We do not think that the doctrine of res ipsa loquitur has any place in the present case. It is rather a question of the defendant having failed to supply its employés with proper tools and appliances to perform

the work in which they were engaged, and which fact, in our opinion, contributed proximately to the injury. Gomez v. Tracey, 115 La. 824, 40 South. 234; Johnson v. Christie, 117 La. 911, 42 South. 421. Having failed to do this, the defendant is liable for the injuries, unless the defense of contributory negligence and assumed risk have been sustained.

There is no proof in the record to sustain the defense of contributory negligence.

[4] As to the plea of assumed risk, the record shows that the plaintiff's minor son had never assisted in unloading piling before, and that he went upon the car on this occasion for the purpose, at the direction of the foreman. Under the circumstances, in view of his age and inexperience, he had a right to assume superior knowledge on the part of his employer, and that the place and implements for the work were safe and sufficient. Carter v. Lumber Co., 113 La. 239, 36 South. 952.

We have considered fully the facts and the arguments made by plaintiffs' counsel for an increase of the amount of damages, but on careful reflection are convinced that the judgment of the lower court works substantial justice.

The judgment appealed from is therefore affirmed, at the cost of the appellant.