## No. 9892.

## COLEMAN *v.* UNITED STATES RAILROAD ADMINISTRATION.

Decided July 5, 1921.

Action for damages growing out of personal injuries sustained by an employe of a railroad company. Judgment for defendant.

## *Affirmed.*

1. MASTER AND SERVANT—*Safe Working Place—Rule.* A master is required to provide a reasonably safe place in which the employe is to work; but the rule does not apply when the character of the place is constantly changing by the labor of the employe; when it only becomes dangerous by the negligence of the workmen, or when the dangers that arise are shortlived or arise without the master's fault or knowledge.

2. NEGLIGENCE—*Proof.* Evidence reviewed and held not to establish negligence on the part of the employer.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. BERT MARTIN, Mr. S. R. KNOX, for plaintiff in error.

Mr. E. N. CLARK, Mr. G. A. LUXFORD, Mr. THOMAS R. WOODROW, for defendant in error.

*Department Two.*

MR. JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error had judgment in an action against it brought by plaintiff in error—a minor, by his father as next friend—for personal injuries alleged to have resulted from the negligence of the defendant in error. The parties will be designated as in the trial court.

The plaintiff was working in the bridge and building department of The Denver and Rio Grande Railroad Company, then under government control, and was injured

while assisting in loading large bridge timbers on a push car, by one of said timbers rolling upon him.

The complaint sets up three alleged causes of action. The first charges that the defendant negligently piled large bridge timbers and failed to put strips between them to prevent their falling over; also that plaintiff was put by defendant in an unsafe place to work; and, further, that the defendant negligently and carelessly caused and permitted one of said timbers to topple over on the plaintiff, breaking his leg.

The second count charges that defendant carelessly and negligently caused "the top stringer of the pile behind plaintiff to fall upon plaintiff while he was assisting in loading said stringers on the car, etc."

The third count alleges that "the negligent forcing of said plaintiff, who is under the age of twenty-one years, by said superior bridge gang foreman, to get into the work and load said stringers in a dangerous and unsafe place to work, was a direct cause of said injury above complained of," and further that defendant negligently omitted to furnish a safe place to work, by which negligence the injury occurred.

The second and third counts were, on motion, stricken out as being but a repetition of the first count.

At the close of testimony for the plaintiff, the court directed a verdict for the defendant and judgment was entered accordingly. This action and the striking out of the two counts of the complaint are assigned as error. As to the latter action it is clear that the court committed no error. It is true that a master is required to provide a reasonably safe place in which the employe is to work; but the rule does not apply when the character of the place is constantly changing by the labor of the employes; when it only becomes dangerous by the negligence of the workmen, or when the dangers which arise are shortlived, or arise without the master's fault or knowledge. 26 Cyc. 1114. The first count contains all the negligence charged in the other two counts, and upon the trial all the relevant

facts surrounding the accident were placed in evidence. The record shows that the plaintiff was of the age of nineteen years; that he had been working for the defendant four days when directed by the foreman of his department to assist in loading bridge timbers from a pile near the track. These timbers were 8x18 inches and 32 feet long, and were piled on the narrow side, two deep. Two railroad ties were placed upon the ground leaning against the push car, and up these skids the timbers were rolled by some six or more men of the gang. When fifteen of such timbers had been loaded, while plaintiff was standing with his back to the pile, one of the timbers fell off, striking the plaintiff, and causing the injury of which he complains.

His father was working in the same gang, and it is in evidence that both father and son, in written statements made, at the request of the defendant, immediately after the accident, said that it was unavoidable, and that no one was to blame for it.

There is nothing in the record to show what caused the timber to topple over, and no evidence to the effect that they were so piled as to be likely to fall. Plaintiff and his father testified to the fact that they had seen timbers piled with strips of wood between them, but there is nothing to show that if there had been such strips in the pile in question they would have been in any respect effectual to prevent the timbers from falling. From the fact that there is no showing whatever as to what caused the fall, and no evidence that the timbers were negligently piled, there was nothing to show that the accident was due to negligence. That the plaintiff suffered a permanent injury is greatly to be regretted, but an employer is not an insurer of the safety of his employes, and is liable to them for injuries only in case the same are due to his fault.

In the absence of evidence of negligence, there was nothing to submit to the jury, and the trial court did not err in directing a verdict for the defendant.

The judgment is accordingly affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.