ROGERS, J.
This is an action for damages for personal injuries, brought under the federal Employers’ Liability Act of April 22, 1908 (35 Stat. at L. 65, c. 149 [U. S. Comp. St. §§ 8657-8665]).
The action was originally instituted against Walker D. Hines, Director General of Railroads of the United States, and judgment was rendered in his favor, dismissing plaintiff’s suit. Plaintiff appealed from the judgment, and in this court James C. Davis, the present Agent of the United States, designated in conformity with the act of Congress of February 28, 1920, known as Transportation Act of; 1920 (41 Stat. 456) has been substituted as defendant and appellee.
Plaintiff was a laborer in the employ of defendant in interstate commerce. He received his injuries while engaged, as one of a gang of workmen, in unloading sacks of flour from freight cars and stacking them on the wharf, at Stuyvesant Docks in the city of New Orleans.
At the time of the accident, according to the. undisputed testimony of the witnesses, the piling of the sacks was being done in the customary manner; that is, by first forming a bulkhead up to the required height by laying the sacks alternately lengthwise and crosswise so as to tie them together, and then placing the other sacks lengthwise in piles against the bulkhead. Four men handled *513 each sack, weighing approximately < 300 pounds. The sacks were piled one on the other until the pile reached eight sacks in height, which brought the upper sack of each pile about level with the top of a man’s head.
While plaintiff was stooping over to get a sack off the truck to place in the pile on the wharf, an unidentified pile of sacks fell, and one of the sacks injured plaintiff.
Plaintiff charged, as negligence, that the sacks were piled too high to comport with the safety of those working around them, and that the work of piling was so hurried and rushed that the sacks were not made secure, but were rendered liable to fall upon the slightest vibration.
The evidence having failed to support the charge of negligence, and no cause for the falling of the sacks having been shown, plaintiff invoked the doctrine of res ipsa loquitur, in order to fasten liability upon defendant.
Before reaching the question of the application vel non of the doctrine of res ipsa loquitur to a case brought under federal Employers’ liability Act, it must be first determined that the case itself presents such issues as will bring it within the operation of the rule. In rejecting plaintiff’s demand, the lower court held, and we think correctly, that this case was not one for the application of the doctrine.
“The doctrine of res ipsa loquitur * * * relates to the probative force of evidence. .It does not dispense with the necessity of the defendant’s negligence in any case, but, on the contrary, requires it. In its application in those cases where the accident is such as in the ordinary course of business does not happen if reasonable care is used, the effect of the rule is that evidence of the attendant circumstances is sufficient for an inference of negligence without proof of any specific negligent act. But the attendant circumstances shown ■must be such as will warrant an inference, not of negligence only, but of defendant’s negligence — an inference that the injury is attributable to some violation of defendant’s duty.” 7 Words & Phrases, p. 6137.
In the instant ease the physical facts surrounding the accident are not such as to create even a reasonable probability that it was the result of defendant’s negligence.
It is shown that plaintiff was an experienced longshoreman of ten years’ experience, and that his coworkers were also experienced freight handlers; that the sacks were piled in the prescribed manner in which they had always been piled; that the work was being carried on in the customary manner by plaintiff and his fellow workmen, without a foreman to supervise or interfere with them or to hurry them in any way or to give them orders or to make suggestions as to how* the sacks should be piled, and that the piles were being carried to the customary height. One of the witnesses, it is true, in answer to a question seeking to elicit if he knew what caused the 'flour to fall, stated: “Because it was not stacked properly. If it was it would not fall.” But no importance can be given to this testimony which was merely an expression of the opinion of the witness without any peculiar knowledge of the circumstances upon which to base it.
The record fails to disclose any evidence of negligence on the part of the defendant in piling the flour. It is conclusively shown that it was piled in the usual and customary manner. Therefore, there is no basis for inferences in the ease.
The mere fact that a pile of sacks fell raises no presumption of negligence, and it is not a case for application of the doctrine of res ipsa loquitur. Willig v. Illinois Central R. R. Co., 140 La. 148, 72 South. 906; Louviere v. La. Ry. & Nav. Co., 146 La. 667, 83 South. 890; Coleman v. United States R. R. Administration, 70 Colo. 246, 199 Pac. 489; Arkansas Cotton Oil Co. v. Carr, 89 Ark. 50, 115 S. W. 925.
Judgment affirmed.