No. 3436

Second Circuit

## RANDALL v. DIXIE ROOFING CO., INC.

(January 21, 1929.  Opinion and Decree.)

J. B. Thornhill, of Monroe, attorney for plaintiff, appellee.

McHenry, Montgomery, Lamkin and Lester, of Monroe, attorneys for defendant, appellant.

WEBB, J.  Plaintiff, Mrs. C. M. Randall, authorized by her husband, E. B. Randall, instituted this action against defendant, Dixie Roofing Company, Inc in which she alleged that she had constructed a brick building, and that defendant had been awarded the contract of placing the roofing on same, under a guaranty or warranty that it would maintain the roofing for a period of ten years, and would furnish free of charge such material as might be necessary to repair any defects of material or workmanship during such period; that shortly after the roof was constructed it began to leak, due to defective material and workmanship, of which she gave defendant notice, and defendant having failed to repair the roof, she had the repairs made, and she prayed for judgment for the cost of the repairs and damages to the building resulting from the leaks.

Defendant excepted to the jurisdiction of the court *ratione personae*, which was overruled, and reserving its rights under the exception it answered admitting that plain-

tiff had erected the building, and that it had been awarded the contract to construct or lay the roofing, and that it had executed in favor of plaintiff a maintenance agreement, which was the best evidence of the agreement, and therefore denied the allegations that it had agreed to furnish free of charge material necessary to make repairs arising from defects of material or workmanship, and further alleged that the leaks complained of were due to the faulty construction of the building, and insufficiency of the drainage pipes to carry off the water falling on the roof, and during the course of the trial defendant filed a plea of prescription of one year.

On trial judgment was rendered in favor of the plaintiff for the cost of repairing the roof and damage to the building resulting from the leaks, and defendant appeals.

The exception, and pleas to the jurisdiction and of prescription, were not pressed either in argument or brief, and we presume they have been abandoned (Richardson vs. Packwood, 1 M. (N. S.) 297; Stansborough vs. Wilson, 13 La. Ann. 494; also Williams vs. Bridges, 14 La. Ann. 721; Cameron vs. White, 16 La. Ann. 85; Gauche vs. Gondran, 20 La. Ann. 156; Barber Asphalt Paving Co. vs. New Orleans, 49 La. Ann. 1609, 22 So. 955; DeGrilleau vs. Boehm, 106 La. 472, 31 So. 74; Louviere vs. La. Ry. & Nav. Co., 146 La. 667, 83 So. 890), but defendant now urges that plaintiff cannot enforce the maintenance agreement for the reason that she failed to allege and prove that the building was her separate property, under her control, and for the further reason that the contract for constructing the roof having been made by defendant with a contractor who had undertaken the work of constructing the building, there was not any privity of contract between plaintiff and defendant, and it further urged that the evidence did not establish the maintenance agreement, or, if so, that the evidence failed to show that the defect in the roof was covered by the agreement.

The position that it was essential for the plaintiff to have alleged that she was the owner of the building, was not raised in the trial court, and the only objection made to the introduction of evidence tending to show that plaintiff was the owner of the building was that parol evidence was not admissible to establish her ownership, but there is not any authority cited to support the objection, and as the question of title was not at issue, and the plaintiff's ownership was merely an incidental fact to be determined, we think that the testimony that she owned the property and the admission of her ownership by her husband, was sufficient to overcome any presumption that the property was community property, which appears to be the basis of the position that plaintiff, the wife, could not enforce the maintenance agreement, and considering that the defendant admitted that the maintenance agreement was made in favor of plaintiff, she had the right to enforce it, and foreclosed any discussion of whether such an agreement inured to the benefit of the owner of the work to be maintained, or to the contractor who may have subcontracted the work.

The contention that the evidence did not establish the maintenance agreement is apparently based on the theory that plaintiff alleged upon a written agreement and that as she had not produced any such agreement the court could not determine whether the defects in the roof were covered by the warranty; however, plaintiff did not allege upon a written warranty or

maintenance agreement, her allegation being that defendant had agreed to maintain the roof in a waterproof condition for a period of ten years and that it would furnish free of charge suitable material to make such repairs as might be necessary 'if any defects in the roofing, fabric, workmanship caused a leakage within the period of ten years, and the plaintiff admitted that such an agreement had been made, and the evidence further showing that the maintenance agreement covered defects or workmanship, which from our review of the evidence we find was caused principally if not wholly by defective workmanship, in that the workmen failed to extend the roofing fabric far enough up against the firewall, the defendant was liable for the cost of remedying the defect and the damage to the building caused by the leak from such defect, and the judgment is therefore affirmed.