163 So.2d 161 (1964)
Oswald A. SCHULINGKAMP, doing business as Schulingkamp Motor Company,
v.
BOLTON FORD, INC., et al.
No. 1347.
Court of Appeal of Louisiana, Fourth Circuit.
April 6, 1964.
Rehearing Denied May 4, 1964.
Writ Refused May 27, 1964.
*162 A. J. Marciante, New Orleans, for plaintiff-appellee.
Loëb & Livaudais, Stanley E. Loëb and James E. Glancey, Jr., New Orleans, for defendants-appellants.
Before SAMUEL, TURNER and BARNETTE, JJ.
HENRY F. TURNER, Judge pro tem.
This case presents a suit by Oswald A. Schulingkamp, the owner of Schulingkamp Motor Company, for damage to his property on North Claiborne Avenue in the City of New Orleans, which resulted from a fire on November 13, 1960. The fire originated in the adjacent building, leased and occupied by Bolton Ford, Inc., and spread from there to plaintiff's property. Named as defendants are Bolton Ford, Inc., and its insurer.
The plaintiff alleged and sought to prove numerous acts of negligence and violations of the New Orleans Fire Prevention Code, which he contends were the cause of the fire. Trial was had before a jury in the Court below, and a verdict was rendered in favor of plaintiff. The defendant has appealed to this Court.
Plaintiff alleged negligence on the part of Bolton Ford in that rubbish and combustible waste materials, such as oil rags, paint rags, paper, excelsior and empty paint cans were accumulated in such a manner as to be subject to spontaneous combustion; proper waste cans were not used for deposit of these materials; open paint cans and drums of paint thinner were left exposed in the building; proper storage cabinets were not provided for these materials; proper ventilation to prevent the accumulation of flammable vapors was not provided; spray painting areas were not properly cleaned of combustible residue; use of an improper and defective electric system in the building, and that the building was not constructed of material having a sufficiently fire-resistance rating for the nature of the business carried on therein. We think the evidence adduced by plaintiff to establish these allegations is, at the very least, inconclusive. There is, though, a yet more compelling reason why the verdict of the jury must be set aside.
Nowhere in the record is there evidence that the various alleged acts of negligence caused the fire in question. One expert witness expressed the opinion that spontaneous combustion could result from an accumulation of flammable materials which became overheated. This alone supports plaintiff's contentions. The only other testimony relating to this was that of the inspector for the Fire Prevention Division of the New Orleans Fire Department that he had been unable to determine what started the fire. If we were to accept plaintiff's allegations of specific acts of negligence on defendant's part as proved, he could at best been said to have made out a prima facie case as to the cause of the fire. In such a case, the defendant must then prove there are other possible causes of the fire, or the plaintiff will prevail. If the defendant does show other possible causes, the plaintiff must show that negligent conduct of the defendant was more likely than not the cause of the fire. A mere possibility that defendant's conduct caused the fire is *163 not enough. The Courts may not render judgments on the basis of mere speculation, idle supposition, probabilities, possibilities, or conjecture.
The defendant introduced evidence of the apprehension of a pyromanic in the City of Houston, shortly after this fire. Two investigators for the Houston Fire Department testified that this person, who had a long record of arson offenses and is currently undergoing psychiatric treatment for his illness, confessed having started several fires in New Orleans on or about the middle of November, 1960. One of these he had stated to be in a motor company. It was established that the only motor company in New Orleans to suffer a fire during this time was Bolton Ford.
The plaintiff has attempted to counter the confession of the arsonist with depositions of several of his relatives to the effect that he was in Florida for a short period before and after the date of the fire. We think the confession given before the commencement of this suit, and containing recitations of facts inconsistent with these depositions, is entitled to greater weight. It establishes, if nothing more, a strong possibility that the fire in question was of incendiary origin, rather than the result of negligence attributable to defendant, Bolton Ford.
On this state of facts, we must find that plaintiff has not sustained the burden of proof. If expert testimony had been elicited that the conditions of the Bolton Ford building were in a dangerous and highly volatile state due to established acts of negligence on the operator's part, our decision might have been different. But something more must certainly be shown than that the conditions could have or possibly caused the fire, where, as here, there are other equally probable causes thereof.
The plaintiff contends that the doctrine of res ipsa loquitur is applicable to this case and that the burden of proof is on the defendant to prove that he had not been guilty of negligent conduct which caused the fire. In Morales v. Employers' Liability Assur. Corp., 202 La. 755, 12 So.2d 804, the Supreme Court said:
"It is the duty of the plaintiff to prove negligence affirmatively; and, while the inference allowed by the rule of res ipsa loquitur constitutes such proof, it is only where the circumstances leave no room for a different presumption that the rule applies. When it is shown that the accident might have happened as the result of one of two causes, the reason for the rule fails and it can not be invoked."
See also Pilie v. National Food Stores of Louisiana, Inc., 245 La. 276, 158 So.2d 162. The doctrine is clearly inapplicable here.
The judgment of the District Court is, therefore, reversed and plaintiff's suit is dismissed at his costs.
Reversed.