192 So.2d 845 (1966)
Walter H. EVERSMEYER, Jr.
v.
CHRYSLER CORPORATION.
No. 2367.
Court of Appeal of Louisiana, Fourth Circuit.
December 5, 1966.
*846 Drury & Lozes, Robert J. Young, Jr., New Orleans, for plaintiff-appellant.
Lemle & Kelleher, David L. Campbell, New Orleans, for defendant-appellee.
Before McBRIDE, HALL and BARNETTE, JJ.
HALL, Judge.
Walter H. Eversmeyer, Jr. brought this suit to recover from the manufacturer of a Chrysler automobile the sum of $3,200.50 for the constructive total loss of said automobile as the result of a fire. The Employers' Liability Assurance Corporation, Limited, as subrogee of the original plaintiff, was later joined as a party plaintiff. Plaintiffs alleged that the vehicle "suddenly and unexplainedly caught fire"; that they are "without sufficient information to allege specifically the negligence of the defendant, Chrysler Corporation" and rely upon the application of the doctrine of res ipsa loquitur. Alternatively plaintiffs pled breach of warranty. Defendant filed a motion for summary judgment which was overruled. Following trial on the merits judgment was rendered in defendant's favor dismissing plaintiffs' suit. Plaintiffs appealed.
In his written "Reasons for Judgment" the Trial Judge said:
"The Court is of the opinion that the doctrine of `res ipsa loquitur' is applicable to this case. Further, that the requirement of privity has been written out of the law both in the State of Louisiana and in the Common Law. See Plunkett v. United Electric Service [214 La. 145], 36 So.(2d) 704 [3 A.L.R.2d 1437]; and Marine Insurance Company v. Strecker, 234 La. 522, 100 So. (2d) 493 and the cases cited therein.
"However under the facts and circumstances of this case it is the opinion of the Court that the defendant is entitled to a judgment in its favor. (See testimony of Brounson Bach and Leroy Mistich.)"
The record made up on the trial of the merits consists in its entirety of a written stipulation between counsel; a deposition of the plaintiff, Eversmeyer, Jr.; an affidavit by Mr. Lionel W. Mahoney and the testimony of two experts (Brounson Bach and Leroy Mistich) called by the defendant corporation.
The facts are not in dispute. The Chrysler automobile in question was shipped on February 10, 1960 via a commercial carrier from defendant's factory in Detroit to Crain-Wesley Motor Company, a Chrysler dealer in Columbia, Mississippi. Plaintiff, Eversmeyer, Jr. a resident of New Orleans, who was then temporarily working in Columbia, purchased the automobile from Crain-Wesley and took delivery thereof on March 7, 1960 (Tuesday). On Friday or Saturday of the same week Mr. Eversmeyer drove the car to his home in New Orleans. After his purchase but before his departure for New Orleans Crain-Wesley Motor Company serviced the car, adjusted the brakes and made some other minor adjustments at his request.
During his trip home and after his arrival in New Orleans Mr. Eversmeyer bought gasoline at several different service stations and had his oil and water checked. He arrived in New Orleans on Friday, March 11 or Saturday March 12, and had possession and use of the car until the fire. Prior to the fire the car had been driven only by Mr. Eversmeyer and his wife, and on one occasion by his father. It had been driven 380 miles when the fire occurred.
On Thursday March 17, 1960 the car caught fire while being driven by Mr. Eversmeyer on Jefferson Davis Parkway in the *847 City of New Orleans, and, although the fire was extinguished by the New Orleans Fire Department, it was damaged beyond economic repair. The amount of the loss was stipulated to be $3,200.50. Mr. Eversmeyer telephoned his insurance agent from the scene of the fire and was advised by the agent to leave the car where it was and that the agent would "take care of everything." Mr. Eversmeyer then left the car on the street and has not seen it since, although he understood it was subsequently towed to Howard Motor Company.
The record is devoid of any proof that the car was ever inspected by anyone subsequent to the fire and there is not even a suggestion that it was. An affidavit of Mr. Lionel W. Mahoney, introduced in evidence by plaintiff, states that he (Mr. Mahoney) is an employee of the Employers' Group Insurance Company; that "on or about the latter part of March or April of 1960" he contacted a representative of Chrysler Corporation and asked him if he desired anyone from the Chrysler Corporation to examine the damaged car, and that "to said request he wasn't interested in having anyone examine the car."
Defendant adduced the testimony of Mr. Brounson Bach, a District Service Representative of defendant corporation, and also the evidence of Mr. Leroy Mistich, Service Manager for a local Chrysler dealer. Both testified as expert Chrysler automobile mechanics experienced in the inspection of fire damaged automobiles. Their testimony was to the effect that 75 to 80 per cent of the time in which cars catch fire, the causes are other than negligent manufacture, and elaborated on the possible causes for the fire in the instant case, such as improper fuel; foreign particles in the fuel; an oily dip-stick wiping cloth or paper towel negligently left in the vicinity of the manifold by a service station operator; an oil filter cap or radiator cap, improperly tightened after servicing, working loose and coming in contact with a wiring terminal or the battery and causing a short circuit. The witnesses gave other possible causes not necessary to relate. They also testified that the factory inspection of a finished car is such that if anything is wrong with any of its parts, including the wiring system, it would be discovered immediately and the car would be set aside and not sold until the defect had been corrected and the car reinspected. Neither of the witnesses had ever seen the car in question.
The cause of the fire is unknown, and plaintiffs place their main reliance on the doctrine of res ipsa loquitur. The principal issue before us is whether that doctrine is applicable under the facts of the present case.
"In order that the doctrine of res ipsa loquitur may apply, the plaintiff must first present sufficient proof of the existence of all of the elements necessary to bring the doctrine into operation." 65A C.J.S. Negligence § 220.6, p. 537.
Among the elements which a plaintiff must show in order that the doctrine may apply is that at the time of the accident the instrumentality which caused it was in the possession and control of the defendant, or if such be not the case, plaintiff must at least "prove freedom of fault on the part of all through whose hands the instrumentality passed after it left the defendant." (See Plunkett v. United Electric Service, 214 La. 145, 36 So.2d 704.) In the instant case, five weeks had passed since the automobile in question had left the possession of Chrysler Corporation, and ten days elapsed between the time Mr. Eversmeyer purchased the car from the dealer in Mississippi and time of the fire. After the car left the factory it passed through the possession of a commercial carrier and an independent dealer. Additionally, two persons other than Mr. Eversmeyer drove the car and it was serviced by service stations as well as the dealer. Plaintiffs made no attempt to show freedom from fault on the part of any of these parties.
*848 Another of the elements necessary to be shown in order that the doctrine may apply is that the evidence as to the true explanation of the accident is more readily accessible to defendant than to plaintiff. (See Northwestern Mutual Fire Association v. Allain, 226 La. 788, 77 So.2d 395, 49 A.L.R.2d 362; Langlinais v. Geophysical Service Inc., 237 La. 585, 111 So.2d 781; Dorman v. T. Smith & Son, Inc., 223 La. 29, 64 So.2d 833.) Obviously that is not the case here. The true explanation of the fire was as readily available to Mr. Eversmeyer and his insurer as it was to Chrysler Corporation, if not more so. It was shown at the trial that although Mr. Eversmeyer and his insurer had possession of the car with full opportunity to obtain an opinion as to the cause of the fire, neither Mr. Eversmeyer nor his insurer bothered to have an inspection and report made of its cause. Chrysler Corporation, on the other hand, never saw the car after it left the factory, and Mr. Mahoney's affidavit shows that the insurance company did not contact that corporation until two or three weeks after the fire.
Messrs. Bach and Mistich testified as to numerous possible causes of the fire other than negligence on the part of the manufacturer. Res ipsa loquitur is inapplicable when it is shown that there are equally probable causes for the accident other than negligence on the part of defendant.
"It is the duty of the plaintiff to prove negligence affirmatively; and, while the inference allowed by the rule of res ipsa loquitur constitutes such proof, it is only where the circumstances leave no room for a different presumption that the rule applies. When it is shown that the accident might have happened as the result of one of two causes, the reason for the rule fails and it cannot be invoked * * *" Morales v. Employers' Liability Assurance Corporation, Ltd., 202 La. 755, 12 So.2d 804. See also Pilie v. National Food Stores of Louisiana Inc., 245 La. 276, 158 So.2d 162; Schulingkamp v. Bolton Ford Inc., La. App., 163 So.2d 161, Writ denied, 246 La. 369, 164 So.2d 358.
For the doctrine to be applicable the attendant circumstances must warrant an inference, not of negligence only, but of defendant's negligence. (See Davis v. Hines, 154 La. 511, 97 So. 794; Prosser on Torts (2d Ed.) § 42, pp. 204-206)
For the foregoing reasons we are of the opinion that the doctrine of res ipsa loquitur is inapplicable under the circumstances of the present case, and, since plaintiffs have not affirmatively proved negligence on the part of the manufacturer, there can be no recovery herein unless the alternative plea of breach of warranty is maintainable.
Plaintiffs offered no proof of the existence of any express warranty of the automobile by Chrysler Corporation. But whether there exists any warranty, express or implied, upon which plaintiffs could maintain a suit against Chrysler Corporation, there can be no recovery for breach thereof absent proof of some defect in the automobile which constitutes the breach. The record herein is totally devoid of such proof.
Although we disagree with the Trial Judge's reasons for judgment we are of the opinion that the result reached by him is correct.
We note that the judgment appealed from dismissed the suit as to plaintiff, Walter H. Eversmeyer, Jr., but inadvertently omitted to dismiss the suit as to the co-plaintiff, Employers' Liability Assurance Corporation, Limited. For this reason, the judgment appealed from is amended so as to read as follows:
"It is ordered, adjudged and decreed that there be judgment herein in favor of the defendant, Chrysler Corporation, and against the plaintiffs, Walter H. Eversmeyer, *849 Jr. and Employers' Liability Assurance Corporation, Limited, and each of them, dismissing said plaintiffs' suit at their cost."
Costs of this appeal to be borne by plaintiffs-appellants.
Amended and affirmed.