REGAN, Judge.
The plaintiff, Leaman & Co., Inc., filed this suit against the defendant, the City of New Orleans, endeavoring to recover the sum of $251.84, representing damages which it asserts were incurred to its automobile as the result of the negligence of the defendant’s employees in towing it from an illegal parking area to one of the City’s automobile pounds.
The defendant answered and denied the specific accusations of negligence delineated in the plaintiff’s petition.
From a judgment in favor of the defendant dismissing the plaintiff’s suit, it has prosecuted this appeal.
The record discloses that Paul Leaman, Jr., the owner and president of the plaintiff corporation, illegally parked its auto *462 mobile in the 700 block of Gravier Street in the City of New Orleans. He related that the first time he parked the vehicle in this area a parking ticket was placed thereon during his absence. He removed the ticket from the windshield and drove away. When he returned to this area, he again illegally parked the vehicle and thereafter visited his office for two or three minutes; when he returned, it had been removed. He eventually ascertained that it had been towed away by a New Orleans Police Department wrecker and placed in one of the City’s automobile pounds. He retrieved the vehicle from the pound, and after he had driven it a short distance, it began to emit smoke. An examination revealed that the' radiator had been damaged since it would not contain water.
He explained that the automobile was only a few months old, and that prior to this incident there was no damage whatsoever to the vehicle.
Likewise, the officer who ticketed the vehicle testified that he observed no damage thereto prior to the vehicle’s being removed to the pound. The operator of the tow truck related that the vehicle was removed in conformity with the recommended and accepted practices, and that the only device which came in contact with the plaintiff’s vehicle was a rubber sling designed to avoid damage to an automobile in tow. The operator of the tow truck then explained that when he reached the pound he inspected the vehicle for damage because it was an exceptionally fine automobile.
With respect to the time interval which transpired between the illegal parking of the vehicle and its removal there exists a conflict of testimony because the officer in charge of the tow truck asserted that since no ticket appeared on the vehicle, he had to locate the officer who issued it in order to obtain the number thereof. This procedure, he recounted, consumed approximately twenty minutes, so that his testimony is in direct conflict with that of Leaman, who laboriously insisted that the vehicle had been parked only two or three minutes despite the fact that he visited his office which was located in an adjacent building.
The significant question posed for this court’s consideration is whether the trial judge committed error, as the plaintiff contends, in refusing to apply the doctrine of res ipsa loquitur predicated on the hypothesis that the defendant occupies a better position to explain the accident than does the plaintiff.
An analysis of the record convinces us that the plaintiff’s contention is without merit. It is well settled that the doctrine of res ipsa loquitur has no application when it is not shown that the defendant possessed exclusive control of the damaged object.[1] Moreover, the doctrine is inapplicable when the evidence reveals that there are equally probable causes for the accident other than the negligence of the defendant.[2] In this case, Leaman’s own testimony discloses that there were intervals of time during which the City of New Orleans did not possess exclusive control of the vehicle. He parked his automobile illegally on two occasions, the first of which resulted in its being ticketed. He stated that he drove away and returned for the second time and parked his car in the same area for two or three minutes. During this time he visited his office in one of the adjacent buildings and then returned, and in this interval he asserted that the City towed the vehicle away. While there exists some conflict and considerable doubt in our minds with respect to the duration of the second illegal parking incident, it is quite clear that the plaintiff did not prove how the damage occurred and that his testimony shows that it could have been caused quite readily by another vehicle in *463 Gravier Street at a time when his car was not within the exclusive control of the City of New Orleans.
In view of the foregoing elucidation, the doctrine of res ipsa loquitur is not applicable to the facts hereof, and in addition thereto, since the plaintiff did not bear the burden of proving that the defendant or its employees actually caused the damage to its automobile. The judgment of the lower court in favor of the defendant dismissing the plaintiffs suit must be affirmed.
The plaintiff is to pay all costs incurred herein.
Affirmed.

. Murphy Corporation v. Petrochem Maintenance, Inc., La.App., 180 So.2d 716 (1965).

. Eversmeyer v. Chrysler Corporation, La.App., 192 So.2d 845 (1966).