**KROGER GROCERY & BAKING CO. et al.
v. STEVENSON.**

Court of Appeals of Kentucky.

Dec. 21, 1951.

Davis, Boehl, Viser & Marcus and A. J. Deindoerfer, all of Louisville, Julian Knippenber, Lexington, for appellants.

J. A. Edge, Lexington, for appellee.

COMBS, Justice.

This is an appeal from a judgment in the amount of $500 entered on a jury's verdict in favor of appellee in an action for personal injuries.

The Kroger Grocery and Baking Company operates a self-service grocery store in Lexington. Major Lee, the other appellant, was the store manager at the time appellee claims to have been injured. Appellee and her husband went into the store for the purpose of buying groceries. They pushed a basket-cart through the store and selected and placed in the basket those items they desired to purchase. Toward the rear of the store was a display of a number of bottles of bleaching compound, known as "Clorox." The bottles were stacked two

rows high on the top of a shelf approximately four-feet from the floor. There was a layer of heavy cardboard between the upper row of bottles and the lower row. Appellee took a bottle of the Clorox from the shelf and handed it to her husband. She then turned to look at some bananas, which were on a table nearby.

She testified that some three minutes later she heard an explosive noise and the bottles of Clorox commenced falling. Some of the liquid from the broken bottles penetrated her clothes and burned her body. The fumes also burned her eyes. She was painfully, although not permanently, injured.

Appellee alleged in her petition that her injuries were caused by "The negligence of the defendants in insecurely packing and storing said merchandise on said shelf." Appellants contend that it is established by the evidence that the bottles of Clorox exploded before they fell, and that appellee failed to prove any negligence in the stacking of the bottles.

 In view of appellee's allegations of specific acts of negligence, she was confined in her proof to those specific acts. Couch's Adm'r v. Black, 301 Ky. 24, 190 S.W.2d 681, and cases therein cited. It is also the rule that where a party pleads negligence in specific terms, he cannot rely on the principle of res ipsa loquitur except for the purpose of establishing those specific acts of negligence. Wallace v. Norris, 310 Ky. 424, 220 S.W.2d 967.

Appellee testified: "When I raised my head I saw them (bottles of Clorox) popping open." Her husband was asked: "Were they exploding right on the shelf?" and answered: "Yes, I would say they were." He was also asked: "They did not fall first and then explode?" and answered: "No, they were on the shelf."

But appellee also testified: "It sounded like a crash and then an explosion" and "it was coming off the shelf when it was popping open." Her husband was asked: "Now you say the Clorox fell from the shelf * * *" and answered: "Yes, it did." Two other witnesses, who were in the store at the time, testified they heard

the sound of bottles falling and then saw the broken bottles. It is also noted the store manager testified: "I heard the crash, sounded like bottles falling."

 When the evidence is considered as a whole, we think it is sufficient to support the jury's finding that the bottles fell and were broken because they were insecurely stacked. It is possible the jury decided that when the display collapsed some of the bottles were broken in the collision before they fell from the shelf.

Appellants also contend the instructions are erroneous, and that the verdict is contrary to the evidence. Their argument is based on the assumption the appellee failed to prove the negligence charged in her petition. Since we have decided the evidence was sufficient, it is unnecessary to discuss these points.

The judgment is affirmed.