Helen L. **HERRING**, Appellant,

v.

**GREAT ATLANTIC & PACIFIC TEA CO.**, Appellee.

No. 13372.

United States Court of Appeals
Sixth Circuit.

April 22, 1958.

position of bottles upon the shelf and to place the bottle in question where it would neither fall nor be knocked down. She relies also upon the doctrine of res ipsa loquitur. The evidence presented consisted solely of depositions submitted to the Court by a stipulation reciting that by agreement of the parties the depositions contained all of the available evidence and "said record of evidence may be considered as true and complete for all purposes."

The Court dismissed the action on the ground that there was no proof of the appellee's negligence, in that the position of the bottle on the shelf was not shown to create an unsafe condition and, even if so, there was no proof that the appellee had notice of such condition or in the exercise of ordinary care could have knowledge of it. Kroger Grocery & Baking Company v. Spillman, 279 Ky. 366, 130 S.W.2d 786.

The appellant bases her case upon a distorted interpretation of the stipulation, contending that the Court was obliged to accept all statements in the depositions as true and binding upon it. The stipulation, however, does not say so, it merely recites that the *record* contains all the available evidence and may be considered as true and complete for all purposes. There is no ambiguity calling for interpretation.

As shown by the depositions, the only witness in contact with the shelf was Mrs. Birdie Plasket. She was returning empty bottles to the shelf and trying to get a carton of full ones out by sliding the containing carton along the shelf. The bottle that fell was located somewhat less than four inches from the edge of the shelf. The shelf didn't vibrate, it was "solid as a rock"; she had her hand on the carton of full bottles at the time of the accident. She didn't know what caused the bottle to fall, whether it was full or empty, and didn't remember "knocking it out." It wasn't on the edge, she doesn't know how it fell but she never knocked it out.

In the deposition of Harold Herring, who was standing nearby, he identified

Stanley A. Stratford, Louisville, Ky., on brief, for appellant.

Kent McElwain (of McElwain, Dinning, Clarke & Winstead, Louisville, Ky., on brief), for appellee.

Before SIMONS, Chief Judge, and MARTIN and STEWART, Circuit Judges.

PER CURIAM.

The appellant was injured when a soft drink bottle became dislodged from a shelf and broke on the floor while she and her husband were standing some distance from the shelf. She planted her suit on the theory that the appellee was negligent in failing to inspect the

signing a statement in which he gave it as his impression of the accident, that when Mrs. Plasket was attempting to put a carton upon the shelf, or taking one down, in doing so, she knocked the object off, which he found later to be a full bottle of Pepsi Cola. In this state of the record, the only reasonable inference that could have been drawn by the District Judge, as the trier of the facts, was that Mrs. Plasket, in returning empty bottles, or trying to pick up a carton of full ones, had somehow dislodged the bottle which caused the injury. Since there is a reasonable explanation of the accident, other than defendant's negligence, there is no room for the application of the doctrine, res ipsa loquitur.

The order of dismissal is affirmed.