McCORMACK, Appellant, v. PICK-N-PAY SUPER
MARKETS, INC., Appellee.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25254.   Decided November 23, 1960.

*Messrs. Hyland & Hyland*, for appellant.
*Messrs. Johnson, Weston, Blackmore, Cory & Hurd*, for
appellee.

(DOYLE, P. J., and HUNSICKER, J., of the Ninth District, and
RADCLIFF, J., of the Fourth District, sitting by designation in
the Eighth District.)

For
further history see *Omnibus Index* in bound volume.

HUNSICKER, J. On March 19, 1958, Mrs. Ann McCormack, the appellant, entered the store of the appellee, herein called "Pick-N-Pay," to purchase various items. Pick-N-Pay is a self-serve market, equipped with shelves and counters on which food and other household items are placed for sale. The shelves and counters in the market are separated by aisles, through which the customers walk. Some customers, like Mrs. McCormack, take along on the walk through the aisles a wire basket-cart, into which they place their purchases.

This market, which faces north, has a meat case or counter along the west wall. Mrs. McCormack, at the occurrence of the matter discussed herein, was headed south near this meat case. When she was one or two feet from the meat counter, a number of cartons containing glass bottles of Dad's Root Beer fell to the floor, and some glass from the broken bottles allegedly cut Mrs. McCormack on the foot, causing injury.

The cartons, or containers, for these glass bottles consisted of a cardboard outer jacket containing six glass bottles filled with root beer. These cartons were stacked by Pick-N-Pay outside of, but adjacent to, one of the shelves. The stack was said to be three to five rows of cartons deep, about four feet in width, and six feet in height. The size in inches of the individual carton was not stated for the record, although one of the witnesses indicated by her hands the size of the "six-pack." This stack was described as "messy," "bunched together," "put * * * there very carelessly," and "very carelessly put up."

One witness stated that, while the store manager and other employees were talking with Mrs. McCormack, the store manager berated one of the store employees for "the pop being piled up the way it was."

Mrs. McCormack did not touch the stack of bottles. There were at the time very few customers in this self-serve market, and no customers were close to the stack of cartons. There appears to have been no physical action which made some of the cartons tumble onto the floor. Why the cartons fell just at the time Mrs. McCormack began to pass them is not shown, so far as this record is concerned.

Mrs. McCormack said Pick-N-Pay was negligent in the following respects:

"1. In that the defendant failed to maintain a safe place for walking in and about the store for its paying customers in general and for this plaintiff in particular.

"2. In that the defendant placed the stack of pop bottles adjacent to the walking area when it knew, or in the exercise of ordinary care should have known, that these bottles would fall and injure paying customers in general and this plaintiff in particular.

"3. In that the defendant loosely stacked the pop bottles and thereby caused them to fall to the floor and strike the plaintiff."

At the conclusion of the plaintiff's case, counsel for Pick-N-Pay moved for judgment in favor of the self-serve market, which motion the Municipal Court of Cleveland granted. It is from such judgment that an appeal on questions of law is lodged in this court.

Mrs. McCormack, the appellant, says the trial court erred in awarding judgment for Pick-N-Pay.

"One who operates a store and invites people into his premises to transact business must exercise ordinary care to maintain the premises in a reasonably safe condition so that his customers will not be unnecessarily and unreasonably exposed to danger." *Campbell* v. *Hughes Provision Co., etc.,* 153 Ohio St., 9, at p. 11.

Although we recognize the force of the rules for establishing liability set out in *Gedra* v. *Dallmer Co.,* 153 Ohio St., 258, and *Parras* v. *Standard Oil Co.,* 160 Ohio St., 315, the facts of the instant case are not comparable to those found in such cases.

The evidence, given an interpretation most favorable to Mrs. McCormack, is that the cartons were improperly stacked by a young employee of Pick-N-Pay.

The cartons did not fall because of the act of a third person, for no one was near enough to the stack to cause the cartons to tumble to the floor.

We have a right to believe that the way in which the store employee stacked the cartons, the place where they were stack-

ed, and the fact that customers were invited to help themselves to the cartons they wished to purchase, made such cartons unusually susceptible to falling.

While owners or lessees of stores owe a duty to the customer to exercise ordinary care to prevent an injury to such customer, they are not insurers against all injuries to the customer while in the store. *S. S. Kresge Co.* v. *Fader,* 116 Ohio St., 718. But where, as here, there is evidence of improper stacking, and from the cartons thus improperly stacked customers are invited to help themselves, the inference is reasonable that, but for such manner of stacking, none of the cartons would have fallen, or that it was an act of negligence to stack cartons of this kind and character to the height, width and depth at the place where the employee of Pick-N-Pay did so place the cartons.

There are only a few reported cases similar to the instant case. We have found none in Ohio. In the few cases reported, there seems to be two distinct theories of liability adopted. One theory is, that the doctrine of res ipsa loquitur applies; the other theory is, that the operator of a self-service store, where the customers are invited to inspect, remove, and replace, goods, should foresee the unreasonable risk inherent in a condition such as we have in the instant case.

New York has followed the res ispa loquitur theory. Thus, in *Higgins* v. *Ruppert,* 108 N. Y. S. 919, the court said:

"* * * The mere fall of the bundle (steel rods) sufficed to make out a case for the plaintiff for the jury. The maxim that the thing speaks for itself applied. It is a fair inference that the bundle would not have fallen if carefully placed."

This rule was followed in *Robinson* v. *A. & P. Tea Co., Inc.,* 54 N. Y. S. 2d, 42, with the addition of a statement by the court that, by permitting customers to move articles on the shelves, the owner constituted the customers his agents, and was thus responsible for their careless acts.

The res ipsa loquitur rule is followed in New Jersey. See: *Leone* v. *Safeway Stores, Inc.,* 44 A. 2d, 913, and *Francois* v. *American Stores Co.,* 134 A. 2d, 799.

The most recent case we have discovered, where the question of liability to a customer of a self-service store, who was

injured by falling merchandise, is discussed, is *Bridgman* v. *Safeway Stores, Inc.,* 2 West's Cal. Rptr., 146. That case, along with *McCrory Stores Corp.* v. *Walker,* 220 Fed. 2d, 18, may be classified as following the rule of foreseeability.

It is reasonable to infer in the instant case that the employee of Pick-N-Pay, who stacked the cartons in the manner and to the height that he did, could reasonably have foreseen that, with customers picking cartons out of the stack, such stack would become so unstable as to create a condition from which harm could result.

We thus believe that it is a matter for the jury to decide whether the conduct of Pick-N-Pay, under these circumstances, created a condition from which harm did result to a customer, Mrs. McCormack. It was hence not proper for the trial court to decide the issue as a matter of law.

The judgment must be reversed, and the cause remanded to the trial court for further proceedings.

Judgment reversed and cause remanded.

DOYLE, P. J., HUNSICKER and RADCLIFF, JJ., concur.