158 So.2d 162

Charles S. PILIE et al.

v.

NATIONAL FOOD STORES OF LOUISIANA, INC., et al.

No. 46586.

Nov. 12, 1963.

Rehearing Denied Dec. 20, 1963.

Dodd, Hirsch, Barker, Avant & Wall, Baton Rouge, for plaintiffs-appellants-applicants.

Breazeale, Sachse & Wilson, by Harry R. Sachse, Baton Rouge, for defendants-appellants-respondents.

HAWTHORNE, Justice.

On application of plaintiffs we granted certiorari in this case so that we might review the judgment of the Court of Appeal, First Circuit, holding that the doctrine of res ipsa loquitur could not be applied to permit recovery from the defendants National Food Stores of Louisiana, Inc., and National's insurer American Surety Company of New York.

The facts are set forth fully in the opinion of the Court of Appeal, 148 So.2d 391. For the purposes of our decision we shall state them only briefly.

In the late afternoon of Friday, March 11, 1960, while plaintiff Mrs. Charles S. Pilie was passing a coca-cola display in the self-service store of the defendant National Food Stores of Louisiana, Inc., one or two six-bottle cartons of coca-cola fell from the display, one or more of the bottles broke, and Mrs. Pilie's right foot was lacerated by flying glass and a nerve of that foot injured. Mrs. Pilie, who was pushing a wheeled cart supplied by the store to its customers for convenience in carrying articles of merchandise, had gone to the store to purchase a few grocery items, none of which was coca-cola, and at the time of the accident was passing the coca-cola display en route to the bread counter. Her testimony is that she did not touch the display either with her body or with the cart, that she was some 18 inches from it when the cartons of bottles fell, and that she did not know what caused them to fall.

The display rack of coca-colas from which these cartons fell had been stacked or arranged by an employee of the coca-cola company in the National store in the early morning of Thursday, March 10, the day before the accident happened; and between Thursday when the coca-colas were stacked and the following Monday when the coca-cola company replenished the rack, many cartons had been removed by the customers of National but not enough to warrant any replenishment from its storeroom stock by National. Because of street repair work in front of the store at this time, business of National was less than normal. No employees of National were in the vicinity of the accident at the time it occurred.

Plaintiffs [1] sued National Food Stores of Louisiana, Inc., its insurer, and the Baton Rouge Coca-Cola Bottling Company. Defendant National by third party petition sought to recover from the coca-cola company for any judgment rendered against it resulting from the accident. After trial on the merits the district court rendered judgment in favor of plaintiffs and against National and its insurer, and rejected plaintiffs' demands and third-party plaintiff's demands against the coca-cola company.

On appeal the Court of Appeal affirmed the judgment dismissing the suit as to the coca-cola company, but reversed the district court's judgment against National and its insurer and dismissed plaintiffs' suit.

In the Court of Appeal the plaintiffs did not invoke the doctrine of res ipsa loquitur against the coca-cola company, but maintained that that company was negligent in erecting an unstable display. The Court of Appeal, after reviewing all the facts and circumstances connected with the stacking or arranging of the display of coca-colas by the employee of that company, concluded that plaintiffs had failed to prove that the injury sustained by Mrs. Pilie resulted from any negligence by Coca-Cola. In application for writs to this court plaintiffs stated that they "do not complain of the affirmance of the judgment rejecting their demands against the Baton Rouge Coca Cola Bottling Company, Limited", but sought a reinstatement of the judgment of the trial court which had granted them recovery against National and its insurer and denied recovery against Coca-Cola.

The Court of Appeal in concluding that the doctrine of res ipsa loquitur was not applicable as to National said:

" * * * Here, this display shown to have been in a safe condition originally, not shown by Plaintiff to have been in disarray, not shown to have cartons placed

---

1. Mrs. Pilie's husband, who is a party plaintiff to the suit, seeks recovery for medical expenses incurred as a result of her injuries.

thereon in a negligent manner within the Defendant's knowledge, Plaintiff was thereby in as good a position as Defendant to show the reason the carton fell and to recover she would have to affirmatively show acts of negligence on the part of Defendant."

The Court of Appeal also cited authorities to the effect that "The rule will not be applied where the evidence discloses that the injury might have occurred by reason of the concurrent negligence of two or more persons or causes, one of which was not under the management and control of the defendant".

Plaintiffs did not offer any affirmative evidence of any fact or circumstance tending to establish fault or negligence by National, and there is no evidence to show that Mrs. Pilie was at fault. She stated that she did not know what caused the bottles to fall, and the proof does not even suggest any cause for their falling.

In their application for writs plaintiffs presented the question of law to this court thus:

"There is only one question of law involved and that is whether or not the unexplained fall of several 6-bottle cartons of Coca Cola from a display in a grocery store and supermarket, which fall results in injuries to a business guest of that establishment, is a proper case for the ap-

plication of the doctrine of res ipsa loquitur as to the proprietor of such establishment."

Dispensing with the Latin words, we can restate their argument thus:

"There is only one question of law involved and that is whether or not the unexplained fall of several 6-bottle cartons of Coca Cola from a display in a grocery store and supermarket, which fall results in injuries to a business guest of that establishment, logically gives rise to the inference that the negligence of the proprietor caused the accident which produced plaintiff's injuries."

This court observed in Day v. National U. S. Radiator Corporation, 241 La. 288, 128 So.2d 660 (1961):

" * * * This doctrine [res ipsa loquitur] is a qualification of the general rule that negligence is not to be presumed but must always be affirmatively proved, and therefore should be sparingly applied, and only in exceptional cases where the demands of justice make that application essential. * * * "

In Larkin v. State Farm Mutual Automobile Ins. Co., 233 La. 544, 97 So.2d 389 (1957), a case involving a collision between two private automobiles, the plaintiff sought to invoke the doctrine of res ipsa loquitur. This court there reviewed and discussed the jurisprudence of this court and of the Courts of Appeal, that of other states, and the works of textwriters and scholars on

the meaning of the maxim "res ipsa loquitur", its application, and instances where though invoked the doctrine has no application. In that case, which is recognized as a landmark case in this state on the subject, we said:

"A determination of a proper instance for application of the principle of res ipsa loquitur has been the subject of volumes of discussion by learned jurists and legal scholars, who have been at pains to point out that the maxim means only that the facts of the occurrence warrant the *inference of negligence,* not that they compel such an inference * * *. * * * It is generally conceded that res ipsa loquitur in no way modifies the rule that negligence will not be presumed. The application of the rule does not, therefore, dispense with the necessity that the plaintiff prove negligence, but is simply a step in the process of such proof, *permitting the plaintiff, in a proper case, to place in the scales, along with proof of the accident and enough of the attending circumstances to invoke the rule,* an inference of negligence, thereby obtaining an advantage and placing on the defendant the burden of going forward with proof to offset that advantage. When all the evidence is in, the question is still whether the preponderance is with the plaintiff. All that is meant by res ipsa loquitur is 'that the circumstances involved in or connected with an accident are of such an unusual character as to justify, in the absence of other evidence bearing on the subject, the inference that the accident was due to the negligence of the one having control of the thing which caused the injury. This inference is not drawn merely because the thing speaks for itself, but because all of the circumstances surrounding the accident are of such a character that, unless an explanation can be given, the only fair and reasonable conclusion is that the accident was due to some omission of the defendant's duty.'

"* * *

"* * * In the case of Morales v. Employers' Liability Assur. Corp., 202 La. 755, 12 So.2d 804, this Court aptly stated: 'It is the duty of the plaintiff to prove negligence affirmatively; and, while the inference allowed by the rule of res ipsa loquitur constitutes such proof, it is only where the circumstances leave no room for a different presumption that the rule applies. When it is shown that the accident might have happened as the result of one of two causes, the reason for the rule fails and it can not be invoked.' 202 La. at page 769, 12 So.2d at page 808." (Italics ours.)

The Larkin case has been recognized as a "clear and penetrating discussion of res ipsa loquitur by Chief Justice Fournet" and as a sensible appreciation of the real problem in applying it in each case: Do the facts of the controversy suggest negli-

gence of the defendant, rather than some other factors, as the most plausible explanation of the accident? See Malone, Torts, Proof of Negligence, 19 La.L.Rev. 334 et seq. The case has also been recognized as in accord with the general rule that res ipsa loquitur does not apply where the facts are such that an inference that the accident was due to a cause other than defendant's negligence could be drawn as reasonably as one that it was due to his negligence. Annotation, 79 A.L.R.2d 6, 68.

We are here dealing with an accident which occurred in a self-service store. The difficulty in such a case for a plaintiff urging res ipsa loquitur is immediately apparent. The availability of the merchandise to plaintiff and other customers in self-service stores gives rise to the possibility that he or another customer or the proprietor caused the accident and makes the inference more difficult to draw as to the proprietor.

In this state there are two res ipsa cases involving self-service stores where a customer was injured as a result of some fall-

ing object. In one of these cases, Beck v. United States Fidelity & Guaranty Co., 76 So.2d 120 (1954), the Second Circuit Court of Appeal found the doctrine to be applicable. In the other, Monroe v. H. G. Hill Stores, Inc., 51 So.2d 645 (1951), the Orleans Court of Appeal found the doctrine not to be applicable. Although in one case the doctrine was applied and in the other it was not, the decision in each can be sustained on its own facts.

The courts of other states have recognized the difficulty of applying the doctrine in cases of accidents resulting from objects falling on customers in self-service stores. The courts of Pennsylvania have taken the position that they will never apply the doctrine in cases involving injuries to an invitee of a storekeeper.[2] California and Ohio and Virginia have in effect rejected its applicability in the self-service situation.[3] Courts have consistently refused to apply the doctrine to particular cases because under the facts it was at least equally probable that another customer's negligence caused the injury[4] or plaintiff's negligence could have contributed to the accident.[5]

2. Cohen v. Penn Fruit Company, 192 Pa. Super. 244, 159 A.2d 558 (1960).
3. Bridgman v. Safeway Stores, Inc., 53 Cal.2d 443, 2 Cal.Rptr. 146, 348 P.2d 696 (1960); McCormack v. Pick-N-Pay Super Market, Ohio App., 170 N.E.2d 491 (1960); Murphy v. J. L. Saunders, Inc., 202 Va. 913, 121 S.E.2d 375 (1961).
4. Hart v. Emery, Bird Thayer Dry Goods Co., 233 Mo.App. 312, 118 S.W.2d 509 (1938); Gonzales v. Shoprite Foods, Inc.,

69 N.M. 95, 364 P.2d 352 (1961); Marnsigli v. C. W. Averill Co., 123 Vt. 234, 185 A.2d 732 (1962); Lee v. Safeway Stores, Inc., Mun.App., D.C., 184 A.2d 212 (1962); see Cohen v. Penn Fruit Company, supra.
5. Gonzales v. Shoprite Foods, Inc., supra; Herring v. Great Atlantic & Pacific Tea Co., C.C.A.6th, 253 F.2d 954 (1958). See Cohen v. Penn Fruit Co., supra; Bodenheimer v. National Food Stores,

New York has overcome the other-customers obstacle by making them the agents of the proprietor as if they were clerks. Robinson v. Atlantic & Pacific Tea Co., 184 Misc. 571, 54 N.Y.S.2d 42 (1945). The unsoundness of this premise has been expressly recognized, Bridgman v. Safeway Stores, Inc., supra, and its use to make the proprietor liable without fault and an insurer of his customers has been pointed out in a concurring opinion in Perito v. Sunrise Supermarket Corp., 33 Misc.2d 627, 229 N.Y.S.2d 667 (1961). New Jersey has taken the common-sense view that res ipsa loquitur cannot be applied in every case when a customer is injured because of merchandise falling in self-service stores, but that each case must turn on its own facts as to whether "there is evidence from which the court * * * can find that in the ordinary course of things the mishap, more likely than not, was the result of defendant's negligence". Francois v. American Stores Company, 46 N.J.Super. 394, 134 A.2d 799 (1957).[6]

■■■■ As pointed out previously, our own jurisprudence is in accord with the view that each case must be decided on its own facts and circumstances, and that res

ipsa loquitur will not be applied unless the facts and circumstances indicate that the negligence of the defendant, rather than the negligence of others, is the most plausible explanation of the accident. Accordingly in answer to plaintiffs' question of law, the facts and circumstances of this case do not permit the application of the doctrine of res ipsa loquitur because from them we cannot draw the inference that it was National's negligence, rather than the negligence of others, that caused the cartons to fall.

Plaintiffs insist, however, that the case of Washington v. T. Smith & Son (La. App.), 68 So.2d 337, wherein the doctrine was applied against a steamship agent that had charge of a large crated airplane wing stored on a wharf which fell and injured a workman nearby, is authority for applying the doctrine in this case. Suffice it to say that the doctrine was applied there with little discussion of the legal principles applicable to it, and the facts of that case make it of little use in determining the applicability of the doctrine in this case.

For the reasons assigned the judgment of the Court of Appeal is affirmed. Plaintiffs-relators are to pay all costs incurred in

Inc., 255 N.C. 743, 122 S.E.2d 715 (1961); Food Fair Stores, Palm Beach, Inc., v. Spinelli, Fla.Dist.Ct. of App., 122 So.2d 41 (1960).

6. In the same category may be placed Barker v. Crown Drug Co., 284 S.W.2d 559 (Mo.1955); Copher v. Barbee,

Springfield App., 361 S.W.2d 137 (1962); Kroger Grocery & Baking Co. v. Stevenson, Ky.App., 244 S.W.2d 732 (1951). See also Pratt v. Womack, 359 P.2d 223 (Okl.1961); Winn-Dixie Stores, Inc., v. Fredericks, 106 Ga.App. 732, 128 S.E. 2d 542 (1962).

their suit against National Food Stores of Louisiana, Inc., and American Surety Company of New York.

FOURNET, Chief Justice (dissenting).

The author of the majority opinion, while lauding the decision of this court in Larkin v. State Farm Mutual Automobile Ins. Co., 233 La. 544, 97 So.2d 389, as the landmark case in this state on the subject of res ipsa loquitur, has, in my humble opinion, failed to give it the proper application to the facts in the case at bar, in that he completely overlooks the fact that one can be guilty of negligence by acts of omission as well as by acts of commission.

In reaching the conclusion the doctrine, or maxim, of res ipsa loquitur does not apply here, the majority view has completely overlooked the fact that it is the duty of the operator of self-service stores, who, for purposes of economy, have eliminated the expense attendant upon the use of behind-the-counter clerical help, to take reasonable measures to see that the customers thus invited to serve themselves will not be injured as the result of the new innovations adopted for the operation of such stores, and particularly from objects that, by the very nature of this new method of merchandising, cannot help but fall with frequency, whether because improperly stacked by those selling the product and initially placing it on the shelves, improperly and carelessly placed on the shelves by the store's own employees when the original stock must be replenished, or by other customers when discarding articles picked up by them after it has been decided these are not wanted.

It is conceded in the instant case that Mrs. Pilie was injured when two cartons of coca-cola that had been placed on defendant's self-service shelves and never touched by her fell when she was some 18 inches away from them, with the result that at least one—and possibly two—of the bottles in the cartons exploded and the glass was thrown toward her feet, causing severe injury to at least one foot. Clearly this accident was not caused by reason of the fault or negligence of Mrs. Pilie. Indeed, this is conceded. Consequently, it could have been caused only through the fault or negligence of someone else. And inasmuch as the defendant has not seen fit to come forward and offer some reasonable explanation as to just how this accident could have occurred that would have the effect of absolving it from negligence, or at least make a showing that every reasonable precaution had been taken by it to insure that customers using its self-service facilities would be able to shop there in safety, it has failed to absolve itself from liability.

It is my opinion, therefore, that Mrs. Pilie is clearly entitled to recover in this

case under the decision in the Larkin case, where we specifically held that "All that is meant by res ipsa loquitur is 'that the circumstances involved in or connected with an accident are of such an unusual character as to justify, *in the absence of other evidence bearing on the subject,* the inference that the accident was due to the negligence of the one having control of the thing which caused the injury. *This inference is not drawn merely because the thing speaks for itself, but because all of the circumstances surrounding the accident are of such a character that, unless an explanation can be given, the only fair and reasonable conclusion is that the accident was due to some omission of the defendant's duty.'"* Here the defendant has chosen to give no explanation whatsoever, thus bringing itself squarely within this established rule of law. (The emphasis has been supplied by me.)

McCALEB, Justice (dissenting).

I think plaintiffs should be permitted to recover in this case because they have established facts from which an inference of negligence on the part of defendant supermarket can fairly be drawn and, particularly so, since defendant failed to offer any evidence to show that it had exercised ordinary care to keep its premises reasonably safe for its patrons.

Unlike the majority, I find no difficulty whatever in resolving that res ipsa loquitur applies to the *facts* of this case. I, of course, acknowledge that the rule is correctly stated in Larkin v: State Farm Mutual Automobile Ins. Co., 233 La. 544, 97 So.2d 389, a case that bears no factual resemblance whatever to the matter at hand,[1] wherein this Court, quoting with approval from the Annotation in 53 A.L.R. 494, stated " * * * All that is meant by res ipsa loquitur is 'that the circumstances involved in or connected with an accident are of such an unusual character as to justify, in the absence of other evidence bearing on the subject, the inference that the accident was due to the negligence of the one having control of the thing which caused the injury. This inference is not drawn merely because the thing speaks for itself, *but because all of the circumstances surrounding the accident are of such a character that, unless an explanation can be given, the only fair and reasonable conclusion is that the accident was due to*

---

1. That was an automobile accident. This is a "falling object" case where the object causing the damage was displayed in defendant's store. Shain, Res Ipsa Loquitur, at page 141, says that the courts have become "almost uniformly" (except in Pennsylvania), more liberal in their application of the doctrine "and apply it in many cases in which. it is debatable whether the accident may not have happened in the ordinary course of things if those that had the management used proper care."

*some omission of the defendant's duty.'"* (Italics mine).

Applying this test to the facts in the case at bar, it is manifest to me that plaintiffs have established a prima facie case. Consider, first, the accident. Mrs. Pilie, a shopper in a supermarket, is injured by the fall of at least two cartons of bottled Coca Cola from a rack on which the defendant supermarket had displayed the soft drink for sale in the promotion of its business enterprise. Surely, these bottled beverages would not have fallen had they been properly stacked or, if properly stacked, someone (an employee or other customer) had not disarranged them. Hence, it is logical to say that the happening of the accident bespeaks negligence on the part of someone or, put in another way, the accident speaks for itself—res ipsa loquitur.

Now, plaintiffs have shown that Mrs. Pilie was without fault; that she was not interested in purchasing Coca Cola and that she does not know, and has no reason to know, why the cartons of Coca Cola fell. Hence it would be inappropriate, under the facts, to conclude that the case could be governed by the unsound holding in Monroe v. H. G. Hill Stores, 51 So.2d 645, where the Court of Appeal for the Parish of Orleans unrealistically deduced that res ipsa loquitur does not apply in these sort of cases because the customers " * * * would have just as much knowl-

edge as to the cause of such a fall of the bottles as would the storekeeper" since the bottles are displayed in full view.

Inasmuch as it is shown as a fact in this case that Mrs. Pilie was without knowledge of the cause of the fall of the bottles and inasmuch as it is certain that the bottles would not have fallen but for negligence (either through improper stacking or vibration, or mishandling by defendant's employees or its customers), the question arises whether the supermarket may be dismissed from liability without offering any evidence at all to exhibit that it was free from fault.

The majority say that the supermarket was not obliged to come forward with any evidence because res ipsa loquitur cannot apply. And why! Because the rule should not obtain in cases where the injury *might* have occurred by the negligence of other customers, who are not under the management and control of the defendant.

I submit that this conclusion is erroneous. The Court does not give due consideration to the nature of the business enterprise, the method of the operation and the concomitant obligation of those engaged in such forms of merchandising to their patrons. If maintained, the result here enables firms engaged in self-service merchandising to escape liability in *all* cases when their patrons are injured by falling objects and the like, irrespective of whether

or not they have complied with their legal duty of furnishing a reasonably safe place for their patrons to shop.

The courts of New York have refused to provide self-service operators with an avenue of escape by standing mute (see Robinson v. Atlantic & Pacific Tea Co., 184 Misc. 571, 54 N.Y.S.2d 42, affirmed 269 App.Div. 977, 59 N.Y.S.2d 290 and Perito v. Sunrise Supermarket Corp., 33 Misc.2d 627, 229 N.Y.S.2d 667) and have gone so far as to render the supermarket liable for the negligent acts of other patrons in the store on the theory that, having a right of exclusive control and management over the thing causing the accident, the negligence of other patrons is imputable to the store.

While I do not personally subscribe to this latter theory of liability I am, however, committed to the view that, when an accident such as the one in the case at bar is established, an inference of negligence arises which requires the defendant to come forward with evidence showing that it has complied with its legal duty of keeping its place of business in a reasonably safe condition; that the accident is not attributable to the fault of any of its employees and that the shelves or displays of its merchandise have been regularly inspected. Application of res ipsa loquitur does not oblige the defendant to explain the accident in order to escape liability. The burden arising from the inference of negligence

merely requires the defendant to show that it was free from negligence (see Davis v. Teche Lines, 200 La. 1, 75 So.2d 365; it is not obliged to show, even in cases of passenger and carrier, how and why the accident occurred. Cusimano v. New Orleans Public Service, Inc., 170 La. 95, 127 So. 376.

The views I entertain were well expressed by the Superior Court of New Jersey in Francois v. American Stores Co., 46 N.J.Super. 394, 134 A.2d 799 (1957) when, in a case indistinguishable from this one on its facts, it stated:

"We think we may take judicial notice that in self-service stores, such as the one here, the customer is expected and indeed invited to handle and examine articles of merchandise displayed or stacked in the store, to remove them from where they stand and, if he decides not to make the purchase, then to put them back. The defendant, having established a business of this nature, is under a duty to take reasonable measures to guard against injuries to customers due to such fallings of stacked merchandise as may result from these actions of other customers. If customers are generally careless in pulling out articles from the stack and in reinserting them, the duty on the part of the defendant to take precautions to meet the situation is correspondingly heavier. Its duty to take

corrective measures may be heavier also during the times of the day when the crowd is greater.

"We by no means decide that the doctrine of *res ipsa loquitur* applies whenever a customer is injured because of merchandise falling in such stores. Each case must turn on its facts. * * *"

(Here the Court states the facts and then concludes)

* * * * *

"* * * The doctrine of res ipsa loquitur was therefore applicable; for in such circumstances the courts in the interest of justice should look to the defendant to come forward with an explanation of the mishap, if it wishes to do so. * * *" (Words in parentheses mine.)

So I say here, that the facts of this case are such as to create an inference of defendant's negligence, as the circumstances of the accident were such that the Court, in the interest of justice, "should look to the defendant to come forward with an explanation of the mishap, * * *"; and its failure to rebut the inference of negligence warrants a judgment against it.

I respectfully dissent.

HAMLIN, Justice (dissenting).

The majority opinion states that each case must be decided on its own facts and circumstances. I agree with this statement.

In the instant case, I am of the view that National should have made a showing that its aisles and premises were regularly policed and inspected for displaced merchandise, and that it therefore used all due diligence to protect its customers from injury. When it failed to show this after plaintiff had adduced the facts as to how she was injured, it should be held liable.

I respectfully dissent.

SANDERS, Justice (concurring).

We granted certiorari in this tort action to review the judgment of the Court of Appeal, First Circuit,[1] holding that the doctrine of res ipsa loquitur could not be invoked to sustain the plaintiffs' recovery of damages from the defendants, National Food Stores of Louisiana, Inc., and its insurer. I have concluded that the judgment of the Court of Appeal is correct.

In the late afternoon of Friday, March 11, 1960, while plaintiff, Mrs. Charles S. Pilie, was passing a coca-cola display in the self-service store of National Food Stores of Louisiana, Inc., two six-bottle cartons of coca-cola fell from the display. One or more of the bottles broke, and Mrs. Pilie's right foot was injured by flying glass. Mrs. Pilie had entered the store to purchase

1. 148 So.2d 391.

groceries. At the time of the accident, she was pushing a wheeled grocery cart, supplied by the store, by the coca-cola display on her way to the bread counter. She testified that she did not touch the display either with her body or with the cart, that she was some 18 inches from it when the cartons fell, and that she did not know what caused them to fall.

The coca-cola display from which these cartons fell had been stacked or arranged by an employee of the coca-cola company in the National store in the early morning of Thursday, March 10, the day before the accident. As originally arranged, it consisted of seven tiers of coca-cola cartons on a wooden platform. The display was 10 cartons wide and 4 cartons deep. The tiers were separated and supported by a roll of plastic material known as mylar. The mylar was fastened to the flat end of an adjoining row of shelves, which abutted one side of the stack. These shelves extended away from the coca-cola display and contained other items of merchandise. When a tier of cartons had been removed, the mylar would roll back against the backboard to which it was fastened, thereby exposing another tier of coca-cola for sale.

Between Thursday, when the coca-colas were stacked, and the following Monday, when the coca-cola company replenished the display, many cartons had been removed by the customers of National. However,

the display had not been replenished by store employees prior to the accident. The height and shape of the display at the time of the accident is not shown by the evidence. Neither does the evidence disclose whether or not the cartons of coca-cola were in disarray at the time.

At the time of the accident, street repair work was in progress in front of the store. Heavy construction equipment was in use in the immediate vicinity.

A number of customers were in the store at the time of the accident. No customers or employees of the store were at the display at the moment the cartons fell.

The legal question presented is whether the fall of the cartons of coca-cola from the display, under the circumstances shown, is a proper case for the application of the doctrine of res ipsa loquitur as to the proprietor of the store.

The duty of a storekeeper to his customers, or invitees, is one of ordinary care. He is required to use reasonable care to keep his premises in a safe condition for their protection. Thus, he must inspect the premises to discover defects. There is no liability, however, for conditions of which the storekeeper was not aware and could not have discovered with reasonable care. The mere existence of a defect or danger is not sufficient to establish liability. For liability to arise, it must appear that

the defect is of such a character or of such a duration that the storekeeper, in the exercise of due care, should have known of it prior to the loss or injury and have either corrected it or given adequate warning. Peters v. Great Atlantic and Pacific Tea Co. (La.App.) 72 So.2d 562; Knight v. Travelers Ins. Co. (La.App.) 32 So.2d 508; Powell v. L. Feibleman & Co. (La. App.) 187 So. 130.

The doctrine of res ipsa loquitur is a rule of evidence, the applicability of which is to be determined at the conclusion of the trial. Plunkett v. United Electric Service, 214 La. 145, 36 So.2d 704, 3 A.L.R.2d 1437; Gerald v. Standard Oil Company of Louisiana, 204 La. 690, 16 So.2d 233; Malone, Res Ipsa Loquitur and Proof by Inference, 4 Louisiana Law Review 70, 92.

For the doctrine to be applicable, the circumstances shown by the evidence must be such as to warrant an inference, not of negligence only, but of defendant's negligence. This means that it must appear more probable than not that the injury was attributable to a violation of defendant's duty to plaintiff. Davis v. Hines, 154 La. 511, 97 So. 794; Prosser On Torts (2d Ed. 1955) § 42, pp. 204–206. See also Larkin v. State Farm Mutual Automobile Ins. Co., 233 La. 544, 97 So.2d 389.

The test has been succinctly stated as follows: Do the facts shown suggest the negligence of the defendant, rather than other factors, as the most plausible explanation of the accident? Malone, Torts: Proof of Negligence, 19 Louisiana Law Review 335–336.

In the instant case, Mrs. Pilie was free from fault since she did not touch the coca-cola display. However, neither the shape nor the condition of the display at the time of the accident is shown. The coca-colas were available to customers who handled them in making selections. Moreover, heavy construction equipment was at work outside the store. Thus, the evidence raises several strongly competing inferences, which cannot be brushed aside. Among these are the disarrangement of the coca-cola cartons by another customer shortly before the accident and the vibration of the premises by the heavy construction equipment outside the store.[2] In my opinion, the facts do not suggest the negligence of the proprietor as the most plausible explanation of the accident. The circumstances shown do not warrant an inference that it was National's negligence, rather than the acts of others for which National would not be responsible, that caused the cartons to fall. Hence, the record does

2. In this connection, plaintiffs' brief in the Court of Appeal makes the following comment: "It is true that there was in this case, as in the Washington case, heavy equipment working on the street outside, that there were other people in the store and any number of things *could* have caused the fall."

not provide an evidentiary basis for res ipsa loquitur. Having failed to establish that National breached its duty, plaintiffs can not recover.

For the reasons assigned, I concur in the decree.

158 So.2d 172