SARTAIN, Judge.
This is an action by the subrogated fire insurer of the owners and lessors of a brick veneer, one family dwelling, located at 682 Jennifer Jean Drive in Baton Rouge. Plaintiff seeks to recover the sum of $1,-088.75, which it paid for repairs to the dwelling following a grease fire which occurred on October 7, 1967. Defendants were the lessees of the dwelling at that time and plaintiff alleged that the fire was caused by certain negligent acts or omissions of the defendants and, alternatively, that the doctrine of res ipsa loquitur was applicable to the facts of this case.
It appears that on the date of the fire, defendant Mrs. Brown had been cooking doughnuts around noon and had left a pan of grease on the burner of the electric stove. Later in the afternon, she and her husband, Wayne Brown, went grocery shopping and intended to return in time for an informal party at a neighbor’s house at about 5:30 or 6:00 p. m.; however, they were delayed and did not return home until about 7:30 p. m. They unpacked most of the groceries, putting some meats in the refrigerator, and left the house to go to the party. About 9:00 p.' m., the neighbors’ child noticed smoke coming from the Browns’ house and the fire was discovered. It is not seriously disputed that the fire was caused by the overheated grease on the stove. The disputed question of fact is how or why the stove burner was activated.
In denying plaintiff’s claim, the trial judge gave the following reasons for judgment:
“ . . . The plaintiffs rest their case squarely on the doctrine of res ipsa loquitur inasmuch as no evidence was introduced by them reflecting negligence on the part of either of the defendants who were at a next door neighbor’s when the fire started. The principal Louisiana case quoted in regard to this doctrine is Northwestern Mut. Fire Assn. v. Allain, 226 La. 788, 77 So.2d 395 (1954), wherein the court listed the conditions neces *718 sary for the application of the doctrine. These are:
(1) ‘if the accident which damaged the plaintiff was caused by an agency or instrumentality within the actual or constructive control of the defendant,’
(2) ‘if the accident is of a kind which ordinarily does not occur in the absence of negligence,’ and
(3) ‘if the evidence as to the true nature of the accident is more readily accessible to the defendant than to the plaintiff.’
“The court readily agrees that these conditions are met in jthis case as the fire was a grease fire created by a pot which was set ablaze on the stove in the defendants’ apartment. However, while the burden of proof may shift or there may be some inference of negligence on the part of these defendants (27 La.L. Rev. 853), nonetheless the plaintiff must still prove its case by a preponderance of the evidence and the defendants may offer evidence sufficient to rebut the inference.
“In the matter under consideration, it is the court’s opinion that the defendant has presented evidence, which, while not conclusive, does offer a reasonable explanation of the manner in which the accident occurred. The testimony of the plaintiff (sic) [defendant] and his wife, bolstered by a stipulation as to the testimony of another witness, showed that when the door of a refrigerator swung open, the handle would strike the stove, thereby turning on one of its burners. These appliances were installed within the apartment by the owner and constituted fixtures within the premises belonging to the owner. It appears that while the defendants were out visiting their neighbors the door of the refrigerator engaged the burner thus overheating the pot located on the stove resulting in the fire and damage complained of. The court therefore is of the opinion that the plaintiff has failed to prove its case by a preponderance of the evidence.”
We agree that the conditions necessary for the application of the doctrine of res ipsa loquitur are met in this case, but we are of the opinion that the defendants have not sufficiently rebutted the inference of negligence on their part. We find that the trial court erred in holding that plaintiff failed to prove its case by a preponderance of evidence. Although its case was based primarily on the inferred negligence under the doctrine, we find that the inference here is sufficient to sustain the burden of proof.
Both plaintiff and defendants have cited cases in our jurisprudence which contain somewhat different language in describing the burden of proof required of a defendant when the doctrine is found to be applicable. Plaintiff contends that the burden shifts to the defendant, who must then affirmatively show absence of negligence on his part. Northwestern Mutual Fire Association v. Allain, cited supra by the trial judge, and cases cited therein. Defendants contend that they are only required to present other fair and reasonable explanations of how the accident could have occurred so that, when all the evidence is considered, plaintiff cannot be said to have proved by a preponderance of the evidence that the accident was caused by the defendants’ negligence. Larkin v. State Farm Mutual Automobile Insurance Company, 233 La. 544, 97 So.2d 389 (1957); Pilie v. National Food Stores of Louisiana, Inc., 245 La. 276, 158 So.2d 162 (1963).
We do not find it necessary to discuss these contentions because, even accepting the interpretation urged by the defendants, under the Larkin and Pilie cases, we think that the facts of this case suggest negligence on the part of the defendants, rather than some other factors, as the most plausible explanation of the accident.
Although the evidence in this case is rather skimpy, we note that the defend *719 ants were aware of the sensitivity of the stove buttons, that is, the ease with which a burner could be accidentally activated. We are satisfied that the burner was not on during- their absence for over four hours while shopping. The trial judge stated that the refrigerator door apparently activated the burner while the defendants were out visiting their neighbors; however, the itemized statement of loss in the record does not include any damage to the refrigerator and if the door had been left ajar and then swung open after the defendants had gone there would certainly have been such damage. Furthermore, Mr. Brown said he had locked the house and it would be sheer conjecture to say that someone had broken in, turned on the stove and simply exited.
There was some testimony by the defendants that the red warning light on the stove was defective, in that the light could come on even when the burners were not activated. But there was no evidence that the light might not come on when the burners were activated.
The most plausible explanation of this accident seems to be that the stove burner was accidentally activated by one of the defendants during the time that they were hurriedly unpacking some of the groceries in order to go to the party. Although they each testified that they gave the kitchen their usual observation before leaving and did not observe the warning light on the stove, they also testified that they had no reason to think that the stove was on, since Mrs. Brown had not used it since the middle of the day. Considering their prior awareness of the danger that the burners could be easily activated through inadvertence, it is not important whether this happened by opening the refrigerator door fully or otherwise. They apparently left the kitchen and house after activating the burner and this constituted negligence on their part which caused the fire.
For the above and foregoing reasons, the judgment of the trial court is reversed and judgment is hereby rendered in favor of plaintiff, The Aetna Casualty and Surety Company, and against the defendants, Wayne F. Brown and Madelyn Brown, in the sum of $1,088.75, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings.
Reversed and rendered.