CHIASSON, Judge.
Plaintiff appeals a judgment denying his claim in tort for personal injuries against the defendants Lanier and Associates, Inc. and Aetna Life and Casualty for the al *1061 leged negligent construction of a temporary ladder from which he fell.
The defendants have not answered nor have they appealed from the judgment.
Plaintiff was a non-salaried officer (the vice-president) and a stockholder of Roran Corporation, a general building contracting company hired for the construction of the Devonshire Apartments by the owner, U-Store It, Inc. The apartments are located at 11620 Airline Highway in East Baton Rouge Parish. Plaintiff was also the general manager of R & R Consultants, an architecture and engineering consultant company hired by U-Store It, Inc. to draw the plans of the apartments. Roran Corporation hired the services of the plaintiff in his capacity as an architect with R & R Consultants to inspect certain construction work being conducted on the apartments. Finally, the defendant Lanier and Associates, Inc. was subcontracted by Roran Corporation to do the framing and carpentry along with other crafts that were also subcontracted.
On January 30, 1974, plaintiff was called to inspect one of the apartment units under construction. It was a two-story unit in the early stages of construction. The fire wall had been completed, the bottom floor was framed in, and the carpenters were in the first stages of construction of the second floor. To gain access to the second floor a temporary ladder was made with two-by-fours nailed across existing wall studs up to an opening in the decking of the second floor which was later to receive a stairway. Plaintiff climbed the temporary ladder and inspected the job site. After discussing a problem with the carpenters, he proceeded to descend the ladder; however, for some reason, he fell to the first floor landing on his back on the cement slab.
The trial judge rendered judgment against the plaintiff and in favor of all defendants dismissing his claims at his costs, and also dismissing plaintiff’s claim for workmen’s compensation against Roran Corporation. Consequently, a third party claim filed by Roran Corporation against the defendants Lanier & Associates and Aetna Life and Casualty in case Roran was found liable was also dismissed, at Roran’s costs.
Plaintiff alleges that the lower court erred:
I. In failing to apply the doctrine of Res Ipsa Loquitur.
II. In failing to find negligence on the part of the defendant, Lanier and Associates, for their inadequate supervision and construction of a ladder.
III. In failing to award damages.
There is evidence supporting the trial court’s finding that Mr. Randall’s fall was not related to the faulty or negligent construction of the ladder in question.
No witness, other than Mr. Rushing, testified that they observed a missing rung to the temporary ladder after the accident.
Mr. Michael Raymond Montz, a carpenter employed on the job at the time of the accident, was the only eye witness who observed Mr. Randall’s fall. He testified that he didn’t see Mr. Randall bring any wood structure down with him when he fell and he couldn’t say whether the rung pulled out or whether Mr. Randall just missed the rung altogether. All the witnesses who used the ladder testified that they had no reason to believe that the ladder was unsafe. Furthermore, the temporary ladder had previously been used by a number of people prior to the time of the accident on that day. Mr. Montz testified that he had used the ladder at least three times prior to the accident.
The testimony does not warrant the conclusion that a rung on the temporary ladder pulled out to cause Mr. Randall’s injuries. Consequently, Mr. Randall’s fall could have been due equally to his own fault in failing to watch his step as well as to the faulty or negligent construction of the temporary ladder.
The test of applying res ipsa loquitur is “Do the facts of the controversy suggest the negligence of the defendant rather than some other factors, as the most plausible explanation of the accident? ... On *1062 the other hand application of the principle is defeated if ‘an inference that the accident was due to a cause other than defendant’s negligence could be drawn as reasonably as one that it was due to his negligence.’ ” (Emphasis supplied). Pille v. National Food Stores of Louisiana, Inc., 245 La. 276, 158 So.2d 162, 165 (1963); Boudreaux v. American Insurance Company, 262 La. 721, 264 So.2d 621 (1972). Therefore, res ipsa loquitur does not apply in this case.
Plaintiff further asserts that La.R.S. 40:1672 imposed a duty upon defendant La-nier & Associates to construct their ladders “. . so as to give proper and adequate protection to any person employed or engaged thereon . . and that violation of this statute is negligence per se under the case of Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962). Without considering whether the violation of La.R.S. 40:1672. constitutes negligence per se, we find that the evidence was simply insufficient to establish that the defendant breached its duties to the plaintiff whether statutorily imposed or otherwise.
In view of the evidence and testimony of the witnesses, we find no error in the judgment of the trial court dismissing the plaintiff’s suit and dismissing the defendant Ro-ran Corporation’s third party claim.
Costs of this appeal are to be paid by the plaintiff.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.