GARRISON, Judge.
This is an appeal from a judgment of the trial court granted in favor of the lessee, Alfred J. Saunders d/b/a Bud’s Broiler, and his insurer, Employers Mutual Liability Insurance Co. of Wisconsin, dismissing the suit of two co-subrogees, Maryland Casualty Co. and Hartford Insurance Group, who are the insurers of the lessor, Michael Hebert. The suit arose out of a fire occurring on October 31, 1976, at the leased premises, 2511 Whitney Avenue in Jefferson Parish.
On appeal, plaintiffs argue that the trial judge erred in failing to apply the doctrine of res ipsa loquitur. We agree.
In Boudreaux v. American Insurance Co., 262 La. 721, 264 So.2d 621 (1972), on rehearing, the eminent civilian scholar and member of the bench of the Louisiana Supreme Court, Justice Tate, reviewed the jurisprudence on the issue of res ipsa loquitur as applied to fire cases:
“Recently in Jordan v. Travelers Insurance Co., 257 La. 995, 245 So.2d 151, 155 (1971), we summarized the several judicial formulations of this burden of proof in civil cases and concluded:
‘In describing this burden of proof, the courts sometimes speak of proof to a “reasonable certainty” or to “legal certainty”; or of proof by evidence which is of “greater weight” or “more convincing” than that offered to the contrary; or (in the case of circumstantial evidence) of proof which excludes other reasonable hypotheses than the defendant’s tort with “a fair amount of certainty”. Whatever the descriptive term used, however, proof by direct or circumstantial evidence is sufficient to constitute a preponderance, when, taking the evidence as a whole, such proof shows that the fact or causation sought to be proved is more probable than not.’
Further, as we specifically held in Naquin v. Marquette Casualty Co., 244 La. 569, 153 So.2d 395 (1963), by this burden of proof, the circumstantial evidence requisite in civil negligence cases need not negate all other possible causes of injury, as the opinions of the previous courts seemed to hold. It suffices if the circumstantial proof excludes other reasonable hypotheses only with a fair amount of certainty, so that it be more probable than not that the harm was caused by the tortious conduct of the defendant. 153 So.2d 396-397.
In this respect, the principle of ‘res ipsa loquitur’ (the thing speaks for itself) sometimes comes into play as a rule of circumstantial evidence, whereby negligence is inferred on the part of a defendant because the facts indicate this to be the more probable cause of injury in the absence of other as-plausible explanation *1258 by witnesses found credible6. Pilie v. National Food Stores of Louisiana, 245 La. 276, 158 So.2d 162 (1963); Larkin v. State Farm Mutual Auto Ins. Co., 233 La. 544, 97 So.2d 389 (1957); Malone, Res Ipsa Loquitur and Proof by Inference, 4 La.L.Rev. 70 (1941); Comment, 25 La.L. Rev. 748 (1965). Thus, by this principle where properly applied, the circumstantial evidence indicates that the injury was caused by some negligence on the part of the defendant, without necessarily proving just what negligent act caused the injury.
We noted in Larkin v. State Farm Mutual Automobile Ins. Co., 233 La. 544, 97 So.2d 389, 391 (1957): ‘ * * * the maxim [res ipsa loquitur] means only that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference... The application of the rule does not, therefore, dispense with the necessity that the plaintiff prove negligence, but is simply a step in the process of such proof, permitting the plaintiff, in a proper case, to place in the scales, along with proof of the accident and enough of the attending circumstances to invoke the rule, an inference of negligence.... When all the evidence is in, the question is still whether the preponderance is with the plaintiff.’
Nevertheless, when all the evidence is in and the question is whether, by reason of the res ipsa loquitur rule, the plaintiff has preponderantly proved that the defendant is responsible in tort for his injury, we have in our most recent decision on the issue noted that the real test of applying res ipsa loquitur to be as follows: ‘Do the facts of the controversy suggest negligence of the defendant, rather than some other factors, as the most plausible explanation of the accident?’ Pilie v. National Food Store, 245 La. 276, 158 So.2d 162, 165 (1963). (Italics ours.) On the other hand, application of the principle is defeated if ‘an inference that the accident was due to a cause other than defendant’s negligence could be drawn as reasonably as one that it was due to his negligence.’ 158 So.2d 165 (Italics ours.) See also Comment, 25 La.L.Rev. 748, 764 (1965). This is simply another formulation of the burden of a plaintiff in a tort action to prove that, more probably than not, his injury was caused by the negligence of the defendant.” (264 So.2d at 635-636). (Emphasis added).
In Boudreaux, both the trial court and the appellate court had held that the plaintiffs had not proved by a preponderance of the evidence that the insured’s negligence was the cause of the decedent’s wrongful death, because of the lack of proof as to what had caused the fire. In reversing, the Supreme Court considered the following facts:
“The fire was spread through half the building in a little more or less than an hour after the restaurant was closed tight for the night. (This indicated it must have burned for some time before it had flared to this extent.) No one other than the insured’s employees is shown to have had access to these premises subsequent to the time the restaurant was closed. Prior to then, the insured’s employees had exclusive control of the kitchen premises in which the fire originated. The kitchen was a large scale commercial enterprise, likely to accumulate hazardous quantities of grease and other highly combustible substances.
If all fire had been extinguished in the kitchen premises when the employees left, the evidence indicates no other cause for the fire’s start: i. e., the conflagration was most reasonably caused by some fire (smouldering grease, or spark, or unextin-guished flame fed by gas from the pilots) left alive in the premises when the employees locked up, for no other cause is even suggested by the evidence. Further, the evidence indicates that, if the extinguishing equipment worked as it should have, the fire could not have started or have spread so rapidly.
We thus conclude that the evidence as a whole proves the most reasonable cause of the fire to have been the defendant’s insured’s negligence in leaving fire alive on his premises, which contained inflammable substances.” (264 So.2d at 637).
*1259 In the instant appeal, the following facts are similar to the Boudreaux case:
1. No one other than employees of Bud’s Broiler had access to the kitchen and attic storage areas.
2. The testimony indicated that on the day of the fire, no one other than employees had access to the kitchen area and attic directly above the kitchen area, the general area in which the fire started.
3. The pit and chimney arrangement was given to accumulating “hazardous quantities of grease” which would occasionally begin to burn within the chimney system.
Additionally, the following facts were in evidence:
1. Bud’s Broiler had renovated the premises and installed the chimney-pit arrangement at the time of the renovation. Alfred J. Saunders acted as his own general contractor.
2. The lessor took no active part in the day-to-day operation of the business nor in the renovation of the building.
3. Defendant’s chief witness, Alvin Smith[1], testified that he saw flames at the intersection of the acoustical ceiling or floor of the attic, and a wall which was a few inches away from and stood parallel to the vertical edge of the pit and chimney arrangement. The chimney protruded through both the accoustical drop ceiling and the roof of the building. The lessee stored paper products in the attic area.
In the instant appeal, there is no other explanation in evidence which would indicate that the accident was not a result of defendant’s negligence with respect to the chimney-pit system. Whether the specific negligent act was part of the construction of the system, failure properly to maintain the systems, improper storage of french-fry boxes or paper products is of no importance as the specific negligent act need not be proven where circumstantial evidence indicates that the injury was caused by some negligence on the part of the defendant.
As between the lessor and the lessee and their respective insurers, the lessor had no active control in the renovation or operation of the business. The defendant was in exclusive control of the agency responsible for the injury and is in a much better position to explain the cause of the injury than the lessor.
Accordingly, we conclude that the trial judge erred in failing to apply the doctrine of res ipsa loquitur. Both parties and their respective insurers stipulated at trial that the amount of damages incurred is $30,254.60, the amount paid under subro-gation by Maryland Casualty Co. and Hartford Insurance Group in equal shares.
For the reasons discussed, the judgment of the trial court is reversed and we render judgment as follows:
IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of the plaintiff in subrogation, Maryland Casualty Co. and against the defendants, ALFRED J. SAUNDERS d/b/a BUD’S BROILER and EMPLOYERS MU *1260 TUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, in solido, in the amount of FIFTEEN THOUSAND ONE-HUNDRED TWENTY-SEVEN AND 30/100 ($15,127.30) DOLLARS, plus legal interest and costs.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of the plaintiff in subrogation, HARTFORD INSURANCE GROUP, and against the defendants, ALFRED J. SAUNDERS d/b/a BUD’S BROILER and EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, in solido, in the amount of FIFTEEN THOUSAND ONE-HUNDRED TWENTY-SEVEN AND 30/100 ($15,-127.30) DOLLARS, plus legal interest and costs.

REVERSED AND RENDERED.

. The plaintiff, by way of proffer, attempted to show that the fire began as a result of the ignition of accumulated grease from the heat of the pit, that the burning grease ignited cardboard french fry boxes stored improperly on the grill, and that the burning french fry boxes ignited the adjacent plywood wall. At trial, Theodore Menge, who was not an employee of Bud’s Broiler on the day of the fire, recanted his prior testimony that Smith had told him that the french fry boxes on the back of the grill had caught fire, saying “I’m not sure about that. He said something about the french-fry boxes being by the grill. Not on the back of the grill, but by the grill...” Menge did not recant his prior testimony that Smith had said that he attempted to use a fire extinguisher which did not work, and that the french-fry boxes constituted a hazard. We note that Theodore Menge was hired by Bud’s Broiler on April 1,1978. The plaintiff was unable to show that any french-fry boxes were located on the grill on the day of the fire. The digression in this footnote is made solely for the purpose of indicating that both parties place the point of origin and cause of the fire at the chimney-pit arrangement, if at different points on a vertical line. What the specific cause and specific point of origin are differ according to the evidence presented by the parties, but both parties point to the same general area.