LUTHER E. HALL, Judge pro tem.
Edward Simpson, Jr., and his subrogated collision insurer sued Continental Casualty Company, the public liability insurer of Mrs. Mildred O. Pourciau for $670.30 damages to Simpson’s car resulting from a collision with Mrs. Pourciau’s car on July 22, 1960 in the intersection of St. Philip and Treme Streets in the city of New Orleans.
There was judgment below in favor of the plaintiffs and defendants appealed.
The facts are not disputed. The accident occurred during daylight hours, the weather was clear, and the streets were dry. Mrs. Pourciau was driving her automobile on Treme Street in a downtown direction, or away from Canal Street. Simpson was driving on St. Philip Street toward the Mississippi River. Both streets are hard-surfaced streets 20 feet wide and the legal speed limit on each street was and is 20 miles per hour.
There is a stop sign on Treme Street controlling traffic entering the intersection from a downtown direction, thus making St. Philip Street the favored street.
As Mrs. Pourciau approached the intersection she stopped for the stop sign and looked for traffic on St. Philip Street. Seeing no traffic on St. Philip Street within her range of vision which was about a block, she proceeded into the intersection. As her front bumper got to about the downtown curb of St. Philip Street her car was struck on the left side toward the rear by the one driven by Simpson. Her car was demolished and Simpson’s car suffered damages amounting to $670.30.
Mrs. Pourciau did not see the Simpson car until the moment of impact. Simpson, proceeding on St. Philip Street must have seen Mrs. Pourciau crossing and applied his brakes because his car left skid marks 24 feet in length.
*410 Mrs. Pourciau was clearly negligent in proceeding into the intersection without seeing the Simpson car which was hound to have been within her vision had she looked. As the trial judge observed it would have been a physical impossibility for Simpson’s car to have travelled a whole block before Mrs. Pourciau’s car crossed an intersection of 20 feet.
The issue before us is not Mrs. Pourciau’s negligence vel non, but whether the plaintiff, Simpson, was guilty of any contributory negligence which would bar recovery by him and his subrogee.
Appellant argues that the speed at which Simpson was driving was a contributing or concurring proximate cause of the accident.
We are faced with a peculiar circumstance in this case. No witness who testified mentioned the speed of the Simpson vehicle. Simpson himself did not testify. The only light thrown on the subject is a copy of a chart taken from Blaschfield’s Encyclopedia of Automobile Law which was introduced in evidence in connection with a stipulation of counsel reading in part as follows:
“ * * * It is stipulated that the stopping distance (sic) found in Blaschfield Encyclopedia of Automobile Law are pertinent and accurate as to the length of skid marks showing speeds of automobiles and they will be admitted into evidence and I will mark Defendant No. 1. * * * ”
This chart shows that the “actual stopping distance of car with brakes in excellent condition” travelling at a speed of 20 miles per hour is 18 feet.
Appellant argues that since the uncon-tradicted testimony shows that the Simpson car left 24 feet of skid marks the Simpson car was bound to have been going faster than 20 miles per hour, the legal speed limit.
There is no testimony in the record relative to the condition of the brakes on Simpson’s car, but this is unimportant for the reason that the parties have stipulated the “pertinence” of the Blaschfield chart to this case and for the further reason that the skid marks resulted from locked wheels showing that Simpson’s brakes held.
This holding is not to be construed as giving any more effect to the chart than the parties stipulated. His violation of the traffic law was negligence per se. Hanson v. Great American Indemnity Co., La.App., 33 So.2d 549; Stuckey v. Hayden, La.App., 3 So.2d 443.
Of course for Simpson’s negligence to bar recovery by plaintiff it must have been a proximate cause of the accident. In this case if Simpson had been going 20 miles per hour he would have skidded only 18 feet and the accident would not have happened. A driver who could have stopped and avoided a collision if he had been travelling at a lawful speed, but who is unable to avoid the collision because of his speeding, is guilty of negligence which is a proximate cause of the accident. Mock v. Savage, La.App., 123 So.2d 806; Gerrets v. Reed, La.App., 99 So.2d 408.
We are of the opinion that Simpson’s negligence in driving in excess of the lawful speed limit, was a concurring proximate, or a contributing cause of the accident and as such is a bar to plaintiff’s recovery herein.
For the foregoing reasons the judgment appealed from is reversed.
Reversed.