BARNETTE, Judge.
This appeal involves the tort claim of an injured workman against the alleged tort feasor, a third party, whose alleged negligence was the cause of his injury while the workman was engaged in the work of his employer. From a judgment rejecting his suit for damages, he has appealed. The suit in tort was consolidated with his suit for workmen’s compensation. A judgment in his favor awarding compensation of $35 per week, not to exceed 100 weeks, plus medical expenses, subject to credit for the compensation previously paid, has not been appealed. However, there is an appeal by his attorney in his own behalf from a judgment on rule disallowing a portion of the attorney’s fee claimed.
The plaintiff Alden S. Barilleaux was injured in the course and scope of his employment on February 10, 1964, while working as a carpenter for George D. Mattix, Inc., a contractor. He was paid compensation by his employer’s insurer at the rate of $35 per week for 36 and a fraction weeks, totaling $1,280, plus some medical expenses. Thereafter payments were reduced to $10 per week on the strength of medical reports indicating a 5-percent permanent disability. Checks for this amount were issued to plaintiff and the attorney representing him at that time, but the checks were not accepted and they remained uncashed.
At this point, plaintiff engaged another attorney, Denis A. Barry II, who filed suit in his behalf on November 25, 1965, alleging total, permanent disability and seeking compensation for 400 weeks, plus additional medical expenses. He also prayed for the statutory penalty and attorney’s fees. This was suit No. 429-849 on the docket of the Civil District Court for the Parish of Orleans, entitled “Alden S. Barilleaux vs. George D. Mattix, Inc.” At the same time he filed suit bearing docket No. 429-850 seeking recovery of damages in tort against King & Company, Inc., the third party, who was allegedly responsible for the injury.
In suit No. 429-849, the defendant George D. Mattix, Inc., filed a third party petition against King & Company, Inc., seeking recovery of such amounts as plaintiff had received or might recover from Mattix.
In suit No. 429-850, Continental Casualty Company, the insurance carrier of Mattix, intervened against King, seeking recovery for the amounts previously paid in compensation and medical expenses, and any future amount to be paid.
The two cases were consolidated for trial below and a single judgment was rendered, *463 March 24, 1966, bearing both docket numbers and the caption “Alden S. Barilleaux vs. George D. Mattix, Inc., et al.” That judgment awarded plaintiff the workmen’s compensation award previously mentioned. It fixed and taxed as costs expert witness fees and denied penalties and attorney’s fees and concluded: “IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the suit of plaintiff, Alden S. Barrilleaux, against defendant, King & Company, Inc., be dismissed at plaintiff’s costs.” No mention is made of the third party demand or the intervention, which we assume was considered unnecessary in view of the judgment in favor of King.
From this judgment plaintiff has appealed under docket No. 429-849 and the caption “Alden S. Barilleaux vs. George D. Mattix, Inc., et al.” A copy of the judgment is not included in the record in suit No. 429-850, nor is there a motion for appeal filed in that record; nevertheless, we will treat plaintiff’s appeal as one from the single judgment in both suits. It is obvious that plaintiff intends to appeal only from that part of the judgment which rejects his suit against King & Company, Inc., since neither in his oral argument nor in his brief has any mention been made of error or objection to the judgment awarding compensation and medical expenses in suit No. 429-849. The defendant in that suit has made no appearance as appellant or appellee. Only the defendant in suit No. 429-850, King & Company, Inc., has made appearance in this court, appearing as ap-pellee.
Following the rendition of the foregoing judgment, plaintiff’s attorney Barry filed a rule to revise the judgment and to fix the attorney’s fee. This resulted in a judgment, September 29, 1966, in his favor for attorney’s fees in the amount of $787. The judge’s reasons for judgment explained that award as being 20 percent of the amount of recovery in compensation and medical expenses by the attorney over and above the amounts previously paid. From this judgment, Barry has appealed seeking the statutory fee based on plaintiff’s total recovery. The plaintiff is represented by other counsel on this appeal.
The plaintiff was engaged along with another carpenter and a helper in placing a large wooden beam at a height of about 8 feet, from which was to be suspended a folding partition in the Bernie Dumas automobile sales agency building. This required the use of a scaffold. The plaintiff’s employer, Mattix, had provided its workmen with ladders, but no scaffold.
At the same time another contractor, King & Company, Inc., was engaged in the installation of an accoustical tile ceiling in the adjoining display room of the same building. King had brought a steel scaffold to the job and had left the scaffold in the display room. The scaffold was designed for adjustable heights and was on wheels. King’s workmen were not on the job on the day in question because of a delay in getting certain materials, and the scafford was left idle in the display room. The plaintiff, his fellow carpenter and their helper, without consulting anyone, went into the display room, got the scaffold and rolled it into the part of the building where they were engaged in placing the overhead beam.
After the scaffold was placed in position, plaintiff climbed upon it. While he was in the act of placing the beam in position overhead, the scaffold collapsed causing the injuries for which he now seeks damages.
All of the evidence points to the fact that a locking device on the adjustable framework of the scaffold was defective and had been secured with a piece of wire. It was this defect which caused the scaffold to collapse and the plaintiff’s injuring fall. Liability of King & Company, Inc., is predicated on its alleged negligence in erecting and leaving a defective scaffold, on the job site to be used by workmen. Plaintiff pleads King’s liability under LSA-R.S. 40:1672, which states as follows'.
“All scaffolds, hoist cranes, stays, ladders, supports, or other mechanical con *464 trivances erected by any person for use in the erection, repairing, alteration, removing, or painting of any building, bridge, viaduct, or other structure shall be constructed, placed, and operated so as to give proper and adequate protection to any person employed or engaged thereon or passing under or by it, and in such a manner as to prevent the falling of any material that may be used or deposited thereon.”
Plaintiff argues that it is negligence per se for defendant to erect a scaffold in violation of the foregoing safety regulation, and the burden shifts to defendant to absolve itself from negligence once this violation is proved, citing cases.[1] He also pleads res ipsa loquitur.
The facts, as borne out by the evidence, are that plaintiff took the scaffold from the place where it had been left by King employees without directions from his foreman and without informing his foreman of his needing a scaffold. He admittedly made no inspection of it. There was some conflict in his testimony as to whether he was aware that the safety latch had been wired. We think his statement given to an insurance adjuster is particularly significant in the following respect:
“ * * * The board did not break, but the locking device of the scaffold gave away-on my end, because it wasn’t wired in place. It had been wired before, and the wire taken off to set at a different height. Another colored laborer had cut the wires off that morning because Paul Schexnayder, the foreman, had wanted it set to a different height. * * * ”
A photostatic copy of this statement bearing plaintiff’s acknowledged signature on each page was offered and was admitted into evidence without objection.
The scaffold was returned to its place and the defendant King & Company, Inc., was unaware of the accident until served with citation some ten months later. Consequently, it had no occasion to inspect the scaffold at the time in question.
Plaintiff testified, and his counsel so contends, that the borrowing of equipment of this nature among workmen on a job site is common practice. He argues that there was no reason for him to make an inspection and that he had a right to assume it was safe for the use intended.
There was no privity between plaintiff and King or between Mattix and King, and we know of no duty which King owed plaintiff to furnish a scaffold or to warn him of possible defects in the scaffold which had been placed on the job site for the use of King’s employees.
Title 40 of the Revised Statutes deals with "Public Health and Safety.” Section 1672 is in Chapter 8 on “Building Regulations. ” We think the intent of the statute is plain. Its purpose is to impose a strict liability on persons who erect scaffolds and other contrivances. This is deemed necessary as a safety regulation because of the hazards usually associated with such devices when used in the building trades.
In applying this strict liability, the statute must be strictly construed. We think the words “constructed, placed, and operated” are significant. The scaffold in question consists of parts which are assembled on the job site. It is therefore constructed and reconstructed when moved from one job to another.. Any alteration of its parts, such as changing its height, is therefore a reconstruction. The plaintiff has failed to establish in the first place that there was any duty owed him by King in the construction of the scaffold, and secondly, the evidence preponderates in support of the conclusion that plaintiff’s fellow employees altered the scaffold amounting to a reconstruction. This absolves King *465 of violation of the statutory regulations and the cases cited by the plaintiff in footnote 1 are not applicable.
 The plea of res ipsa loquitur is not applicable to the factual situation presented and is therefore without merit. It suffices to say that in the absence of the element of control of the dangerous instrumentality, the rule does not apply. Eversmeyer v. Chrysler Corp., 192 So.2d 845 (La. App. 4th Cir. 1966); Malone, “Res Ipsa Loquitur and Proof by Inference — A Discussion of the Louisiana Cases,” 4 La.L. Rev. 70 (1941). The facts clearly show that it was the plaintiff and his fellow employees who had control of the scaffold.
On the issue of the attorney’s fee as raised by the appeal by Barry, the pertinent statutory provision is LSA-R.S. 23 :- 1141, which states as follows:
“Claims of attorneys for legal services in connection with any claim arising under this Chapter shall not be enforceable unless approved by the court. If so approved, such claims shall have a privilege upon the compensation award, but shall be paid therefrom only in the manner fixed by. the court.
“In no case shall the fees of an attorney who renders services for an employee coming under the provisions of this Chapter exceed twenty per centum of the first $5,000.00 of any award and 10% of the part of any award over $5,000.00.”
Appellant’s claim for attorney’s fees in the amount of 20 percent of the total amount recovered by plaintiff is without merit. The amount paid in compensation and for medical expenses prior to the entry of attorney Barry into the case did not result from any effort expended by the attorney in behalf of his client. We know of no law, and he has brought none to our attention, which entitles him to a fee from this sum recovered by plaintiff. Moreover, the statute does not provide for a 20-percent attorney’s fee as a matter of right. It merely recognizes the right of the attorney to a reasonable fee, which will not be enforceable unless approved by the court, and which shall then be. assured by a privilege upon the compensation award. The statute fixes no minimum, which is within the discretion of the court, but “in no case shall the fees * * * exceed” 20 percent.
The judgment on rule fixing the attorney’s fee at 20 percent on the amount recovered by the plaintiff as a result of the professional services of Barry is not only reasonable, but is clearly within the provisions of the statute.
The judgments appealed from are affirmed. Costs of this appeal shall be paid by the appellants.
Affirmed.

. Dixie Drive It Yourself Sys. New Orleans Co. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962), and Excel Insurance Co. v. Continental Casualty Co., 141 So.2d 408 (La.App. 4th Cir. 1962).