BOLIN, Judge.
Plaintiff sued for damages for personal injuries received by him when he fell from a scaffold while working as a carpenter on a two-story apartment complex in Bossier City, Louisiana. From judgment rejecting his demands he appeals. For reasons hereinafter expressed we affirm the judgment of the lower court.
*454 At the time of his injury plaintiff was working for Bossier Construction Company, Inc. Named as defendants were the following officers of the corporation: George L. Johnson, president; Joseph Johnson, vice-president; Kenneth Hardcastle, treasurer; and the building superintendent, Harry J. Hart. Additional defendants were Bossier Construction Company, Inc. and its compensation insurer, Aetna Casualty & Surety Company, Inc., which company also provided public liability insurance for the negligent acts of Bossier Construction Company’s corporate and executive officers. Clearly, the claim against Bossier Construction has no merit since its only liability is in workmen’s compensation and this is a tort claim. Aetna filed an answer denying the allegations of the petition and pleaded, in the alternative, if it be held liable to plaintiff on the tort claim, that it be granted credit for the full amount of compensation and medical expenses paid plaintiff.
The claim against the officers of the construction company and Aetna, as the liability insurer, is predicated upon the officers’ alleged negligence in not complying with Louisiana Revised Statutes 40:1671-1683, particularly section 1674 which provides that scaffolding shall be so constructed as to bear four times the maximum weight required to be thereon when in usé.
Plaintiff alleged that scaffolding was placed around the exterior of each building between the first and second floors to provide footing for workmen constructing the wood framing of the apartments; that the scaffold upon which plaintiff was standing at the time of the accident was defective because the span between the supporting “scaffold jacks” was excessive, causing the boards to have insufficient strength to hold the maximum weight required under Louisiana Revised Statutes 40:1674, cited supra. It was further alleged that the individual defendants who were active in the management, construction and supervision of the apartments each had, or should have had, knowledge of the defective and unsafe scaffolding used on the building; that each of them failed to warn plaintiff of this danger and that such actions constituted negligence which was a proximate cause of plaintiff’s injuries.
The testimony is conflicting on several points. Plaintiff testified he was employed as a carpenter; that on the day of the accident it had begun to rain and his foreman told him to go over to a particular building and begin “hanging sheathing”. This was explained to mean that the building had reached the stage where the outside framework was up but it was necessary to cover the frame with cellulose sheathing. Plaintiff said sheathing had been placed on the building up to the second floor. He testified when he arrived he saw the scaffolding in place around the building; that he and his helper stepped on a board two inches thick by twelve inches wide, tested it for strength and then asked for a four by eight foot piece of sheathing; that he was in the process of nailing the sheathing to the framework when the two-by-twelve board on the scaffold broke, causing him to fall.
Plaintiff’s version of how the accident happened is contradicted in many respects by most of the other witnesses who testified. The foreman said he did not instruct plaintiff to hang the sheathing on the building but that he merely told him to find other work to do inside the building so that he would avoid getting wet from the rain. There was also testimony that plaintiff had injured his foot in a fall from a scaffold prior to the time he was employed by Bossier Construction Company; that for this reason he was specifically told never to do any work from a scaffold or any similar work involving balance and height. The helper testified that, after testing the scaffold, he told plaintiff he did not believe it would hold two people. A fellow worker, whose duty it was to pass the sheathing from inside the building to the carpenter on the outside, testified he thought the scaffolding was dangerous and had so told plaintiff.
*455 In a written opinion the district judge reviewed the testimony of several of the witnesses and concluded plaintiff was contributorily negligent in getting on scaffolding which he knew or should have known was not safe. From our review of the record we are convinced defendants have borne the burden of proving their special defense of contributory negligence. This finding must necessarily be predicated upon an assumption the individual defendants were guilty of some negligence in the erection of the scaffolding. Since plaintiff has argued in brief that the injury was caused solely by the negligence of these defendants, we will discuss our appreciation of this contention.
There were several apartment buildings being constructed in the complex and each building was approximately 28 feet long. The same type scaffold had been designed and used on several of the buildings. The scaffolding was erected by placing a scaffold jack on each end of the building and three other such jacks at equal intervals along the frame of the building. These scaffold jacks were designed so as to protrude from the framework of the building and be braced to the building with a distance between each jack of approximately seven feet. The scaffold flooring was provided by using pine boards two inches thick and twelve inches wide, each approximately 15 feet long. Two such boards would extend the entire length of the building, and when two like boards were placed side by side with the first boards, the scaffold would be approximately 24 inches wide. For double strength four other two-by-twelves were placed on top of the first decking. According to the testimony of a structural expert accepted by the court, this type scaffolding would comply with the cited statute.
On the day of the accident the scaffolding, work had not been completed. There were only three scaffold jacks extending the entire length of the building where the accident happened and only one two-by-twelve board supported by scaffold jacks at each end. Thus, when plaintiff stood on the two-by-twelve there was a span of approximately fourteen feet, unsupported in the center and of only one thickness rather than two.
We conclude the design for the scaffolding was safe and did comply with the regulatory act, supra. We further conclude that plaintiff, as a carpenter, knew or should have known the scaffold was incomplete at the time he stood on the board which broke, causing his injury.
Appellant cites Kempff v. B. E. King & Sons, Inc. (La.App. 4th Cir.1969) 222 So.2d 921 and Barilleaux v. George D. Mattix, Inc. (La.App. 4th Cir.1967) 202 So.2d 461, in support of his contention that the scaffolding in question did not meet the requirements of Louisiana Act No. 25 of 1924, passed for protection of persons on construction work. In Kempff an electrician was injured when he fell from a scaffold which a subcontractor had agreed to supply and maintain in safe condition on the job site. The court found as a fact the scaffold was not constructed and maintained in a safe condition and that an electrician who fell from the scaffold was not-contributorily negligent in failing to notice a defect in the scaffold, which defect evidenced itself to those atop the scaffold only when they stepped on the board. We are not confronted with such a situation in the instant case. First, the scaffolding here was usually constructed by the carpenters and, secondly, although the scaffolding was designed to be safe it had not been completely installed at the time of the injury, which fact was known to all the carpenters, including plaintiff. Barilleaux correctly interprets the law but has no factual similarity to this case.
We conclude plaintiff has failed to prove actionable negligence against any of the named corporate or executive officers, which is the foundation of his tort claim. Assuming for the sake of argument this finding is incorrect, plaintiff’s contributory negligence bars his recovery.
*456 Having decided plaintiff failed to prove any of the individual defendants were negligent, we find it is unnecessary to discuss the law relative to the tort liability of corporate officers where the corporation is liable to the plaintiff under the Louisiana Workmen’s Compensation Act.
The judgment is affirmed at appellant’s cost.